EX PARTE T. J. COPELAND.

No. 18359.   Delivered March 18, 1936.

The opinion states the case.

*A. T. McKinney, Jr.,* and *Gordon M. Burns,* both of Huntsville, for appellant.

*Wm. McCraw,* Attorney General, *Scott Gaines,* First Assistant Attorney General, *Earl Street,* Assistant Attorney General, *Max M. Rogers,* District Attorney, of Huntsville, and *Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—By way of habeas corpus appellant sought release from the state penitentiary.   He appeals from an order remanding him to custody.

Following a conviction in September, 1935, for incest, appellant was duly sentenced and incarcerated in the penitentiary. He contends that incest is not an offense by reason of the fact that it is not defined by the Penal Code of 1925. Hence he insists that the judgment of conviction is void.

Provision was made by Chap. 159, Acts of the 38th Legislature, for the recodification of all the laws of this state, including the Penal Code. The report of the commission appointed by virtue of the provisions of said act was embodied in a bill and enacted into law, without amendment, by the 39th Legislature, Regular Session. In the bill as introduced and as engrossed were carried Articles 495, 496, 497, and 498, dealing with the offense of incest. The enrolled bill contained a repealing clause to the effect that all penal laws and all laws relating to criminal procedure in this state, which were not embraced in said act and which had not been enacted during the regular session of the 39th Legislature, were repealed.

Said cause further provided:

"All laws and parts of laws relating to crime omitted from this Act have been intentionally omitted, and all additions have been intentionally added, and this Act shall be construed to be an independent Act of the Legislature enacted under the caption hereof, and the articles contained in this Act, as revised, re-written, changed, combined and codified shall not be construed as a continuation of former laws, except as otherwise herein provided."

In January, 1936, it was discovered that the enrolled bill, as approved by the Governor and as now on file in the office of the Secretary of State is not complete. While it is purportedly made up of Articles 1 to 1720, inclusive, being pages 1 to 432, inclusive, of the Penal Code, it does not contain any articles from No. 391 to No. 538, inclusive. Again, part of Article 539 is omitted, such omission including pages 95 to 126, inclusive. Certain other pages and articles of the Penal Code are out of their regular order as to number. Stated in another way, pages 1 to 94, including articles 1 to 391, inclusive, appear in their regular, consecutive order. Immediately following page 94 appears page 159. At the top of page 159 is what appears to be a part of an article of the Code, which is not sufficient within itself to be intelligible. Immediately following it is article 664, from which point on, to and including page 190, the pages and article numbers, respectively, are in regular, consecutive order. Immediately following page 190 appears page 127, the pages and numbers then following in their respective

consecutive order, pages 159 to 190, inclusive, appearing twice in said bill. Said enrolled bill comprises the Penal Code and Code of Criminal Procedure of 1925. In the index to the Penal Code, as carried in said bill, the offense of incest and many other offenses which are not defined in the bill, are listed. In the Code of Criminal Procedure, as carried in said bill, Art. 206 reads as follows:

"Bigamy may be prosecuted in the county where the bigamous marriage occurred or in any county in this state in which the parties to such bigamous marriage may live or cohabit together as man and wife."

The offense of bigamy is not defined in the enrolled bill, and notwithstanding the offense of seduction is omitted therefrom, we find it referred to therein (Art. 709, C. C. P., 1925), as follows:

"In prosecutions for seduction, the female alleged to have been seduced shall be permitted to testify; but no conviction shall be had upon her testimony unless the same is corroborated by other evidence tending to connect the defendant with the offense charged."

Again, unlawful assemblies and affrays are not denounced in that part of the enrolled bill dealing with the Penal Code, yet, touching the duties of a sheriff, it is provided therein (Art. 41, C. C. P.) as follows:

"He shall quell and suppress * * * affrays * * * and unlawful assemblies."

Although riot is not defined, yet in said bill (Art. 695, C. C. P.), it is provided that said offense shall include the offense of unlawful assembly.

As already observed, the revision of the Penal Code and Code of Criminal Procedure in 1925 was passed as one act (Senate Bill 7, Acts Regular Session, 39th Legislature). It is in view of such fact that we have deemed it proper to set forth those provisions of the Code of Criminal Procedure, as carried in said act, which have reference to offenses omitted from the Penal Code. Considering such references in connection with the defects in the Penal Code to which we have referred, it is obvious that the offenses of incest and bigamy and the other offenses that are listed in the index to the enrolled bill, but not defined therein, were omitted inadvertently, that is, by accident or mistake, and that it was not the intention of the Legislature to repeal such omitted offenses as are shown in the index to said enrolled bill and as were defined in the Penal Code of 1911, and subsequent enactments. This is an excep-

tional case in which the situation presented manifests that the repealing clause to which we have referred was directed at statutes which had been intentionally omitted by the codifiers and the Legislature, and not at offenses shown by the enrolled bill itself to have been inadvertently omitted by accident or mistake. Under the circumstances, we think the rule announced in 1 Lewis' Sutherland Statutory Construction, Second Edition, page 571, should be given application. We quote:

" 'A clause in a statute purporting to repeal other statutes is subject to the same rule of interpretation as other enactments, and the intent must prevail over literal interpretation.' An absolute repeal may be controlled as a qualified or partial repeal, where other parts of the statute show such to have been the real intent."

Without approving all that is said in State v. Moorhouse (Supreme Court of North Dakota), 67 N. W., 140, and Smith v. People, 47 N. Y., 330, it is observed that said cases support the announcement of the rule as expressed in the above quotation. In Smith's case the question before the court was whether certain portions of certain laws passed in 1853 and 1857 had been repealed. The repealing statute was broad enough in terms to embrace the whole of such laws. The court held that the repealing act must be limited because other statutes made it manifest that it could not have been the purpose of the Legislature wholly to abrogate these statutes, but, on the contrary, it was the intent of that body to leave certain portions of them in force. In State v. Moorhouse, supra, it is shown that the revised codes of North Dakota included a new revenue law and expressly repealed a great number of acts, including Chap. 132 of the laws of 1890. One section of this chapter, out of a hundred of more, provided for the office of district assessor in unorganized counties. In the event this section was repealed there was no provision in the law for levying a tax in such counties and the whole revenue law was inoperative. The new act referred to the office as an existing one and showed the plain intention that all property in the state should be taxed. The court held that the absolute repeal of the whole chapter should be qualified by excluding the section in question from its operation.

To impute to the Legislature the intent to repeal the statutes defining incest, bigamy, seduction, adultery and fornication is to lay at its door the charge of ignoring the moral sense of the people of this state and striking down some of the strongest

safeguards of the home. That such was not the legislative intent is apparent from the enrolled bill.

It follows from what we have said that we hold that the ommitted statutes, as embodied in the Penal Code of 1911 and subsequent enactments, have not been repealed.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.