Honorable G. M. Sawyer President Texas Southern University Houston, Texas 77004
Re: Whether Texas Southern University has the power of eminent domain.
Dear President Sawyer:
You have asked whether Texas Southern University has the power of eminent domain.
Prior to 1971, section 5 of article 2643b, V.T.C.S., provided in pertinent part:
 The Directors [of Texas Southern University] are hereby given the power and authority . . . to acquire, take, appropriate, hold, and enjoy the title to such land and other property as they may deem necessary . . . either by purchase or otherwise; and to that end they shall have the right to exercise the power of eminent domain and to condemn such land for such uses and purposes, in the manner prescribed in Title 52, Revised Civil Statutes of Texas of 1925, as amended. . . .
In 1971, Title 3 of the Education Code was enacted by House Bill 1657, and article 2643b was among the statutes repealed thereby. Acts 1971, 62nd Leg., ch. 1024, at 3322.
However, the bill declared it was a `non-substantive revision of the higher education laws of this state.' Id. at 3072. (Emphasis added). It contained a clear statement of legislative intent:
 This is intended as a recodification only and no substantive changes are intended by this legislation.
Id. at 3319. Article 2643b, section 5, V.T.C.S., was effectively replaced in the 1971 revision by section 106.35 of the Education Code, which reads as follows:
 The board on behalf of the university may acquire by purchase, exchange, or otherwise any tract or parcel of land in Harris County that is contiguous or adjacent to the campus of the university when the board deems the land necessary for campus expansion.
(Emphasis added). When this provision, formerly article 2643d-1, V.T.C.S., was enacted, the board had eminent domain power under the express terms of article 2643b. See Acts 1961, 57th Leg., ch. 413, § 1, at 938. Thus, the University could use its eminent domain power to acquire land in Harris County adjacent to the campus. The replacement of article 2643b, section 5, V.T.C.S., with section 106.35 of the Education Code may indicate that the Legislature believed that section 106.35 preserved the University's eminent domain power.
Since section 5 of article 2643b was not specifically reenacted in Title 3 of the Education Code, the repealer clause appears to conflict with the declaration of legislative intent contained in the new Code. It is well established that, if a new code is unclear or ambiguous, resort may be had to prior statutes to explain the legislative intent. E.g., Camden Fire Insurance Ass'n. v. Harold E. Clayton Co., 6 S.W.2d 1029 (Tex. 1928); Hickerson v. State, 275 S.W.2d 801, 802 (Tex.Crim.App. 1955). Since section 106.35 refers to other non-enumerated methods of acquiring land, we believe there is an ambiguity which permits reference to the prior statute. Furthermore, a statement of repeal does not necessarily prevail over conflicting portions of the same statute. In Ex parte Copeland, 91 S.W.2d 700
(Tex.Crim.App. 1936), the Court of Criminal Appeals held that
 `[a] clause in a statute purporting to repeal other statutes is subject to the same rule of interpretation as other enactments, and the intent must prevail over literal interpretation.' An absolute repeal may be controlled as a qualified or partial repeal, where other parts of the statute show such to have been the real intent.
91 S.W.2d at 701-02. In our opinion, the repeal of article 2643b was not intended to affect the exercise of the eminent domain power for the land acquisitions permitted by section 106.35 of the Education Code. Compare Attorney General Opinion H-791 (1976).
Although, as the Texas Supreme Court has observed,
 the power of eminent domain must be conferred by the Legislature, either expressly or by necessary implication, and will not be gathered from doubtful inferences,
it is also true that strict construction
 does not require that the words of a statute be given the narrowest meaning of which they are susceptible. The language used by the Legislature may be accorded a full meaning that will carry out its manifest purpose and intention in enacting the statute. . . .
Coastal States Gas Producing Co. v. Pate, 309 S.W.2d 828, 831
(Tex. 1958). In Barnidge v. United States, 101 F.2d 295 (8th Cir. 1939), a federal appellate court held that a federal statute which conferred authority upon the Secretary of the Interior `to acquire . . . property . . . by gift, purchase, `or otherwise',' included the power of eminent domain, since a general condemnation authority on the part of the federal government had been previously enacted. 101 F.2d at 297-98. In our opinion, this principle is not, standing alone, sufficient to convert the `or otherwise' language of section 106.35 into a general grant of eminent domain power, since there is no Texas statute which provides for a general condemnation authority. When the principle of Barnidge is considered together with the ambiguous nature of Title 3 of the Education Code, however, we believe that a court would probably find that Texas Southern University presently may exercise the power of eminent domain for purposes of section106.35 of the Education Code.
 SUMMARY
A court would probably find that the Board of Directors of Texas Southern University may exercise the power of eminent domain for land acquisitions permitted by section 106.35 of the Education Code.
Very truly yours,
John L. Hill Attorney General of Texas
Approved:
David M. Kendall First Assistant
C. Robert Heath Chairman Opinion Committee