Jimmy LOWRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–83–00171–CR.

Court of Appeals of Texas, Dallas.

April 11, 1984.

Ray F. Grisham, Sherman, for appellant.

Stephen Davidchik, County Atty., Elizabeth W. Segovis, Asst. County Atty., Sherman, for appellee.

Before STOREY, SPARLING and GUILLOT, JJ.

SPARLING, Justice.

Appellant, convicted of criminal nonsupport, contends that the statute, TEX.PENAL CODE ANN. § 25.05 (Vernon 1974), unconstitutionally shifted to him the burden of disproving an element of the offense. We agree and hold that the statute is unconstitutional under the Fourteenth Amendment, U.S. CONST. amend. XIV, and TEX. CONST. art. 1, § 19. Accordingly, we reverse.

*The Constitutional Error*

Appellant was charged by information with violating § 25.05, which provides, in pertinent part:

(a) An individual commits an offense if he intentionally or knowingly fails to provide support *that he can provide* and that he was legally obligated to provide for his children younger than 18 years.

\* \* \* \* \* \*

(f) It is an affirmative defense to prosecution under this section that the actor *could not provide* the support that he was legally obligated to provide. [Emphasis added]

TEX.PENAL CODE ANN. § 2.04(d) (Vernon 1974) states that "[i]f the issue of the existence of an affirmative defense is submitted to the jury, the court shall charge that the defendant must prove the affirmative defense by a preponderance of the evidence." Accordingly, the court, over appellant's objection, charged the jury on both the elements of the offense—to be proved by the State beyond a reasonable doubt—and the affirmative defense—to be proved by the defendant by a preponderance of the evidence. The instructions were inherently contradictory and denied appellant due process.

■■■ The due process clause "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship,* 397 U.S. 358, 364, 90 S.Ct. 1068, 1072, 25 L.Ed.2d 368 (1970); TEX.PENAL CODE ANN. § 2.01 (Vernon 1974). *See Mullaney v. Wilbur,* 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975). Ability to provide support is an element of the offense; yet subsection (f) casts upon the defendant the burden of proving by a preponderance of the evidence inability to support. Although § 25.05(f) characterizes "inability to support" as an affirmative defense, it is not a matter in avoidance but rather the converse of an indispensable element. Thus, the statute and the charge herein submitted unconstitutionally shifted to the defendant the burden of disproving an element of the offense.

The State contends that any error was harmless since the first instruction proper-

ly placed the burden of proof. We disagree. The presence of a correct instruction does not cure the error of giving another inconsistent one. *Stump v. Bennett,* 398 F.2d 111, 116 (8th Cir.), *cert. denied,* 393 U.S. 1001, 89 S.Ct. 483, 21 L.Ed.2d 466 (1968); *Mann v. United States,* 319 F.2d 404, 410 (5th Cir.1963). The jury is presumed to follow the court's instructions, *Ainsworth v. State,* 517 S.W.2d 274, 277 (Tex.Cr.App.1975), and each instruction must be judged in the context of the entire charge. *Boyd v. United States,* 271 U.S. 104, 107, 46 S.Ct. 442, 443, 70 L.Ed. 857 (1926); *Jackson v. State,* 591 S.W.2d 820, 824 (Tex.Cr.App.1979); *Crocker v. State,* 573 S.W.2d 190, 207 (Tex.Cr.App.1978); *Pittman v. State,* 554 S.W.2d 190, 191 (Tex.Cr.App.1977).

"It is ... fundamental to our jurisprudence that instructions to the jury must be consistent with each other, and not misleading to the jurors." *Perez v. United States,* 297 F.2d 12, 16 (5th Cir.1961). The instructions created an irreconcilable conflict. Both the State and appellant cannot carry the burden of proving a single issue. The likelihood of confusion was substantial:

[W]hen the affirmative defense requires a negation of an element of the crime, there seems to be an insoluble conflict for the jury due to the existence of simultaneous burdens of proof. In other words, the jury may become confused by the different burdens of proof and inadvertently fail to accord due consideration to evidential matters relating to the affirmative defense.

Comment, *Affirmative Defenses Under the New York New Penal Law,* 19 Syracuse L.Rev. 44, 47 (1967). We cannot say that this constitutional error was harmless beyond a reasonable doubt. *Chapman v. California,* 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 704 (1967); *Clay v. State,* 518 S.W.2d 550 (Tex.Cr.App.1975).

■■■ Although the statute might withstand constitutional challenge if subsection (f) were omitted or if the language "that he can provide" were deleted from subsection (a), *see Patterson v. New York,* 432 U.S.

**604**

197, 230, 97 S.Ct. 2319, 2337, 53 L.Ed.2d 281 (1977) (Powell, J., dissenting), we cannot make this legislative choice. *Ex parte Davis*, 412 S.W.2d 46, 52 (Tex.Cr.App.1966) (on rehearing); *Brazos River Authority v. City of Graham*, 163 Tex. 167, 354 S.W.2d 99, 109 (1961). Accordingly, we hold that the statute, in its entirety, is unconstitutional.[1]

### Disposition

 Appellant legally may be held for trial if he can be prosecuted under a valid prior law. *Ex parte Hensley*, 162 Tex. Cr.R. 348, 285 S.W.2d 720 (1956). Generally, if an amendment to an act is declared unconstitutional, the prior act remains in full force and effect. *Ex parte Crisp*, 661 S.W.2d 944, 948, *reh. denied*, 661 S.W.2d 956 (Tex.Cr.App.1983); *White v. State*, 440 S.W.2d 660, 667 (Tex.Cr.App.1969). The prior law, TEX.PENAL CODE ANN. art. 602 (Vernon 1925), was not amended but expressly repealed. Desertion of Wife and Children, ch. 195, 1929 TEX.GEN.LAWS, Local & Spec. 427, *repealed by* Act of June 14, 1973, ch. 399, § 3, 1973 TEX.GEN. LAWS 992.

 "The cardinal rule of statutory construction is to ascertain the legislative intent in enacting a statute." *Faulk v. State*, 608 S.W.2d 625, 631 (Tex.Cr.App. 1980), citing *Minton v. Frank*, 545 S.W.2d 442, 445 (Tex.1976). A clause in a statute purporting to repeal another statute is subject to the same rule; the intent of the legislature must prevail over a literal interpretation. *Rowland v. State*, 166 Tex. Cr.R. 118, 311 S.W.2d 831, 832 (1957), *cert. den.*, 355 U.S. 606, 78 S.Ct. 540, 2 L.Ed.2d 524 (1958); *Ex parte Coleman*, 157 Tex. Cr.R. 37, 245 S.W.2d 712, 715 (1951); *Ex parte Copeland*, 130 Tex.Cr.R. 59, 91 S.W.2d 700, 701 (1936); *Berry v. State*, 69 Tex.Cr. 602, 156 S.W. 626, 635 (1911); *Parshall v. State*, 62 Tex.Cr. 177, 138 S.W. 759, 764 (1911). Thus, a repealing

clause falls with an unconstitutional law if the legislature intended to displace the prior law with the new. *Pioneer Oil & Refining Co. v. State*, 273 S.W. 615, 616 (Tex. Civ.App.—Austin 1925), *rev'd on other grounds*, 292 S.W. 869 (Tex.Cr.App.1927).

 In our view, the legislature did not intend to repeal article 602 except on the supposition that the new Act would be a valid substitute for the old law. Stated differently, we can only conclude that the repeal of one Act that occurs simultaneously with the enactment of a second Act— both statutes prohibiting the same conduct—was done with the legislative intent that there would be no lapse in the prohibition of the conduct. *See Rowland*, 311 S.W.2d at 833. Accordingly, we hold that the prior law, article 602, remains in full force. We further hold that the information states an offense under article 602; therefore, we reverse and remand for a new trial under that law.

---

1. Appellant has also assigned the sufficiency of evidence as a ground of error. An unconstitutional statute is void from inception and will sustain neither a conviction nor a plea of prior jeopardy. *Benard v. State*, 481 S.W.2d 427, 430 (Tex.Cr.App.1972). Thus, a discussion of the sufficiency of the evidence becomes unnecessary.