

# THE ATTORNEY GENERAL
# OF TEXAS

August 2, 1989

JIM MATTOX
ATTORNEY GENERAL

Honorable Bob Bullock
Comptroller of Public Accounts
L. B. J. Office Building
Austin, Texas 78774

Opinion No. JM-1079

Re: Whether the county sales tax applies to residential gas and electricity sales (RQ-1727)

Dear Mr. Bullock:

You suggest that provisions of sections 323.206 and 323.207 of the Tax Code are in conflict with regard to whether residential gas and electricity sales are exempt from the county sales tax. You ask how this conflict should be resolved.

Tax Code section 323.101 authorizes certain counties to adopt a sales tax. If a county has adopted such tax, a sales tax is imposed at a stated rate on "the receipts from the sale at retail of taxable items within the county." Tax Code § 323.103.

Section 323.206 provides in part:

> (a) The sales tax authorized by this chapter does not apply to the sale of a taxable item unless the sales tax imposed by Subchapter C, Chapter 151, also applies to the sale.
>
> . . . .
>
> (c) Subsections (a) and (b) do not apply to the taxes authorized by this chapter on the sale, production, distribution, lease, or rental of, and the use, storage, or consumption of gas and electricity for residential use.[1]

---

1. Subsections (b) and (d) of section 323.206 deal with excise, and not sales, tax.

Thus, pursuant to section 323.206 (a), the county sales tax applies to a sale only where the state sales tax imposed by the Tax Code applies to the sale. A state sales tax is imposed on the sale of a taxable item in the state. Tax Code § 151.051. The exemptions, which are set out in subchapter H of chapter 151, include section 151.317, which provides that gas and electricity are exempted from the state sales tax except when sold for commercial use. See Tax Code § 151.317(c) (defining "residential" and "commercial" use).

The focus of your inquiry is subsection (c) of section 323.206, which states that subsection 323.206(a) does not apply to county sales taxes on the "sale, production, distribution, lease, or rental of . . . gas and electricity for residential use." Under section 323.206(a), the county sales tax applies only to sales that are subject to state sales tax. Subsection (c) would appear to provide that, although residential gas and electricity sales are exempt from the state sales tax, they are not exempt from the county sales tax.

You say that subsection (c) conflicts on this point with section 323.207 of the Tax Code, which provides:

> The exemptions provided by Subchapter H, Chapter 151, apply to the taxes authorized by this chapter, except as provided by Section 151.317(b).[2]

The exemption in section 151.317(a), for non-commercial gas and electricity sales, is among the state sales tax exemptions provided by subchapter H of chapter 151, which section 323.207 appears to make applicable to the county sales tax. Thus, while subsection (c) of section 323.206 appears to provide that residential-use gas and electricity are not exempt from the county sales tax, section 323.207 indicates that the section 151.317(a) exemption of non-commercial gas and electricity also applies to the county sales tax.

We agree that the provisions of sections 323.206, subsections (a) and (c), and section 323.207, taken

---

2. Subsection (b) of section 151.317, to which section 323.207 refers, deals with city, and not county, tax exemptions.

together, are ambiguous as to whether residential-use gas and electricity are exempt from the county sales tax.

Title 3 of the Tax Code, of which sections 323.206 and 323.207 are a part, was enacted as part of the state's statutory revision program, which contemplates a "revision of the state's general and permanent statute law without substantive change." Tax Code § 301.001. This title was enacted in 1987. Acts 1987, 70th Leg., ch. 191, at 1410. Section 13 of the 1987 act stated that "[t]his Act is intended as a recodification only, and no substantive change in the law is intended by this Act." Id. § 13 at 1466; see also Foreword to Proposed Title 3 (Revisor's Report, January 1987); Gov't Code § 323.007 (Statutory Revision Program).

When provisions of statutory revisions are unclear as to their intent and meaning, courts have resorted to the statutes from which the revisions were derived in order to arrive at a proper construction. See, e.g., Stevens v. State, 159 S.W. 505, 506 (Tex. Crim. App. 1913); see also Gov't Code § 311.023 (in construing a statute, whether or not ambiguous, a court may consider former statutory provisions); Collins, Continuing Statutory Revision: Where did the Civil Practice and Remedies Code come from?, 50 Tex. B.J. 134 (1987). The revisor's notes for title 3, the session laws, and the Vernon's edition of the Tax Code all indicate that the source law for section 323.206 was former V.T.C.S. article 2353e.[3] See generally H.B. 79, Acts 1986, 69th Leg., 3d C.S., ch. 10, art. 1, §§ 21(B), 23(A), at 21-23. Having reviewed those provisions of repealed article 2353e, however, we find nothing there that withdraws the county sales tax exemption for residential-use gas and electricity, as subsection (c) of section 323.206 purports to do. Section 21(B) provided in part for imposition of the county sales tax on items subject to the state sales tax; this provision is carried forward in the 1987 codification as subsection (a) of Tax Code section 323.206. The other indicated source provision for section 323.206, section 23(A) of repealed article 2353e, dealt with excise and not sales tax. We find no provision, other than subsection (c) of section 323.206, in repealed article 2353e or elsewhere that removes the county sales tax exemption from sales of gas and electricity for residential use.

---

3. Article 2353e was repealed by Senate Bill 888. Acts 1987, 70th Leg., ch. 191, § 12, at 1466.

The paramount object of statutory construction is ascertainment of the legislature's intent. There are numerous indications that the legislature intended that the recodification of law into title 3 be without substantive change. There was no provision among those recodified into title 3 that authorized an exception for residential-use gas and electricity from the exemptions provided for in subsection (a) of section 323.206. Therefore, we conclude that the legislature did not intend to subject residential-use gas and electricity to the county sales tax. To the extent that subsection (c) of section 323.206 purports to withdraw the exemption for such sales, it should not be given effect. See, e.g., Ex parte Copeland, 91 S.W.2d 700 (Tex. Crim. App. 1936); Attorney General Opinions JM-136 (1984); H-622 (1975) (giving effect to legislative intent despite omission of a page of the appropriations bill in the enrolled version due to a clerical error); see also Jessen Assoc. v. Bullock, 531 S.W.2d 593 (Tex. 1975) (ascertaining legislative intent is primary object of statutory construction).

Therefore, it is our opinion that, pursuant to Tax Code sections 323.206(a) and 151.317(a), residential-use gas and electricity are exempt from the county sales tax.[4]

---

4. We think it unnecessary to speculate as to how the provisions of subsection (c), excepting residential-use gas and electricity from county sales tax exemptions, crept into section 323.206 during the codification process. A letter sent to this office in connection with your request from the Legislative Council, which drafted the codification, confirms our conclusion that the insertion of the subsection (c) provisions in question was inadvertent, there being no counterpart provision in the source law on county sales taxes in repealed article 2353e.

Also, we find further examination of section 323.207 unnecessary to the result we reach here, since those provisions indicate consistently with our ruling that non-commercial use gas and electricity are exempt from the county sales tax. We do note, however, that the reference in section 323.207 to subsection (b) of section 151.317 seems anomalous in the context of these codified provisions on county taxes, since the latter provision deals with city, and not county, taxes.

## S U M M A R Y

Pursuant to Tax Code sections 323.206(a) and 151.317(a), residential-use gas and electricity are exempted from the county sales tax. The provisions of subsection (c) of section 323.206 purporting to except residential-use gas and electricity from county sales tax exemptions should not be given effect.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General