## HERBERT JOSEPH FRIEMEL V. THE STATE.

No. 23112. Delivered May 16, 1945.
Rehearing Denied June 20, 1945.

The opinion states the case.

*George S. McCarthy* and *Clem Calhoun*, both of Amarillo, for appellant.

*Ernest S. Goens*, State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The conviction was for the theft of one head of cattle with a sentence of two years in the penitentiary.

The theft was alleged to have taken place on or about the seventh day of December, 1943. The indictment was returned on the twenty-fourth day of August, 1944. According to the State's evidence there was a heavy snow in the Panhandle country, the drifting of which covered the fences in a large area and caused the cattle of a great many ranchmen to stray, some going many

miles away. The appellant and the prosecuting witness were neighbors and it appears that the cattle of the prosecuting witness were widely separated, some few of which went into appellant's pasture and remained. The cattle of both were very similar in breed and age. The heavy hair of winter obscured the brands from view. Later in the year appellant took some cattle to the auction ring and included among them four head which bore the brand of the prosecuting witness. The owner discovered this after the cattle were registered into the pen and approached appellant about them. Appellant first told the witness he had purchased the cattle at the auction ring but changed his statement, saying he had bought them from a man he had not seen in a long time, and probably never would see again. No one heard this conversation and the only person who could deny it was the appellant himself. Other conversations involving important issues in the case took place between the accused and his prosecutor. On two of these occasions another person was present and in each instance the party was called as a witness and testified giving similar evidence to that which the prosecuting witness had given. Thus it appears that the only person left to deny any of these conversations was appellant himself. He did not testify. When the prosecuting attorney was presenting his case in chief to the jury he said: "It is undisputed in this case that Floyd Tomlinson (prosecuting witness) on several occasions talked to the defendant and asked him if he had his cattle." Objection was made to the argument. The court sustained it and orally instructed the jury to disregard the argument and consider it for no purpose whatsoever. He also gave written instruction to the same effect. The appellant's bill of exception Number Two duly presents this matter for our consideration and we have concluded that the error in the argument is such that the court's charge could not withdraw it from the minds of the jury. See Article 710, Vernon's Ann. Code of Criminal Procedure and authorities cited thereunder.

In the case of Opp v. State, 103 S. W. (2d) 748, Judge Morrow, in sustaining a bill of similar nature, said that the case could not be affirmed without violence to the mandatory provision of Article 710, supra. He further said: "A citation of many cases upon the subject is pretermitted for the reason that the reports of the state are replete with examples in which the reversal has been declared upon a state of facts in no substantial manner deviating from those which are before the court in the present instance." The learned trial judge, in the instant case, did what he could to correct the error of the prosecuting attorney. In our view the impression was too deep to be thus

erased. A reversal of the case will be predicated on this error.

It is the State's view that the cattle were stolen in Deaf Smith County and carried into Potter County for sale. The grand jury of Potter County first acted on the matter, returning an indictment on June 5th, 1944. Upon his arraignment in this case appellant filed his plea to the jurisdiction of the District Court of Deaf Smith County, setting up the previous indictment in Potter County for the same offense. Before the court acted on this plea the district attorney of Deaf Smith County communicated with the Potter County authorities and secured a dismissal of the proceedings there. Upon making this showing the plea was overruled. This procedure is by no means favored by the writer, however, it is not within the province of this court to direct a reversal of the case. There is indication that appellant was forced to prepare for trial in two courts for the one offense and might reasonably have anticipated being tried where he was first indicted. The Amarillo court had the power to surrender its jurisdiction by dismissal of the case. The circumstances might have justified the action. See Ringer et al v. State, 129 S. W. (2d) 654.

Another question raised on the appeal complains of the failure of the court to give a charge on circumstantial evidence. Unless the facts on another trial should be quite different we would suggest that the charge be given.

The judgment of the trial court is reversed and the cause is remanded.

### ON MOTION FOR REHEARING.

KRUEGER, Judge.

The State has filed a motion for rehearing in which it asserts that we erred in reversing the judgment of conviction in the trial court, based on the ground that the District Attorney, in his argument to the jury, referred to the appellant's failure to testify. The State contends that inasmuch as the trial court withdrew the argument from the jury and instructed them not to consider it, no harm resulted to the appellant.

Article 710, C.C.P., provides as follows:

"Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him,

nor shall the same be alluded to or commented on by counsel in the cause, etc."

It will thus be noted that the District Attorney in this case has violated the mandatory provisions of the statute referred to, and the instruction from the court could not cure the error committed. In support of what we have said, we refer to the following authorities: Thompson v. State, 113 Tex. Cr. R. 45; Weatherred v. State, 129 Tex. Cr. R. 514, 89 S. W. (2d) 212.

Believing that the case was properly decided on the original submission and that the motion for rehearing should be overruled, it is so ordered.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.