Robert Dale PRICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 35109.

Court of Criminal Appeals of Texas.

Dec. 12, 1962.

W. L. McConnell, Amarillo, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is cattle theft; the punishment, 2 years.

The state relied upon circumstantial evidence.

The state's evidence showed that appellant sold 10 head of calves at the Beaver Livestock Auction on May 18, 1960. One of these calves was sold to Dick Yates. It was claimed by Mr. Fossett (or Fausset) as the calf of one of his two year old heifers that disappeared during the early morning hours of May 10.

█ The calf was taken to the 3 acre pasture to see if the Fossett heifer would

claim it. Several witnesses who were present, and who were experienced in raising and handling cattle, testified that the cow claimed the calf.

The testimony was similar to that which we held admissible and sufficient in Corley v. State, 160 Tex.Cr.R. 504, 272 S.W.2d 354.

The appellant did not testify but called his wife as a witness. By her testimony attempt was made to account for all of the calves appellant took to the sale, including the calf claimed by Mr. Fossett. Two of the calves, according to her testimony, were bought by appellant when he went *alone* to an auction sale on May 12. Others, she testified, were purchased at another sale after dark and outside the auction ring. She testified that she could not identify the seller and that no effort had been made to find him.

▊ In his argument to the jury the district attorney stated: "He could tell this jury—or she could tell this jury who they bought them from and where the check was to prove it."

Formal Bill of Exception No. 4 certifies that such argument was made and that the defendant then and there excepted and objected on the ground that such remark alluded to the defendant's failure to testify.

We are unable to agree with the state's contention that the remarks were no more than a bare allusion to appellant's failure to testify, promptly corrected. It seems clear that the district attorney's remark necessarily referred to the failure of the defendant as well as his wife to tell the jury who they got the Fossett calf from.

The complained of remarks violated the mandate of the statute and require reversal of the conviction. Art. 710, Vernon's Ann. C.C.P.; Lankford v. State, 156 Tex.Cr.R. 113, 239 S.W.2d 394; Friemel v. State, 148 Tex.Cr.R. 454, 188 S.W.2d 175.

The judgment is reversed and the cause remanded.