Patrick Joseph LAPASNICK, Appellant,

v.

The STATE of Texas, Appellee.

No. 04–87–00179–CR.

Court of Appeals of Texas,
San Antonio.

March 31, 1988.

Opinion on Appellant's motion for
Rehearing En Banc May 25, 1988.

Concurring Opinion on Appellant's motion
for Rehearing En Banc June 8, 1988.

Marvin Miller, Miller & Miller, San Antonio, for appellant.

Fred G. Rodriguez, John Wondra, Monica Gonzales, Daniel Thornberry, Crim. Dist. Attys., San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and REEVES, JJ.

## OPINION

CADENA, Chief Justice.

This is an appeal from an order of Bexar County Court at Law No. 5 denying appellant relief in a habeas corpus proceeding in which appellant was charged with the offense of driving while intoxicated. Appellant asserts that the present prosecution is barred because a prior complaint and information, charging him with the same offense had been previously dismissed because of the State's failure to comply with the Speedy Trial Act, TEX.CODE CRIM. PROC.ANN. art. 32A.02 (Vernon Supp. 1988).

■ Appellant's argument that the pending prosecution is barred and that he is entitled to be discharged is based on TEX. CODE CRIM.PROC.ANN. art. 28.061 (Vernon Supp.1988), which provides that if an accusation is set aside for failure to provide a speedy trial, the defendant shall be discharged and such discharge shall bar "any further prosecution for the offense charged ..."

In *Meshell v. State*, 739 S.W.2d 246, 255–58 (Tex.Crim.App.1987) (en banc), the Court, in addition to declaring art. 32A.02 unconstitutional, struck down the provisions of art. 28.061 which make the discharge because of violation of the Speedy Trial Act a bar to further prosecution for the offense discharged.

Under the holding in *Chacon v. State*, 745 S.W.2d 377, (Tex.Crim.App.1988) (not yet reported), the invalidation of articles 32A.02 and 28.061 deprive appellant of the right to rely on those statutes as a bar to the present prosecution. *Chacon* clearly applied the rule which was followed in *Robinson v. State*, 739 S.W.2d 795, (Tex.Crim. App.1987), that an unconstitutional statute is void from its inception and cannot provide a basis for any right or relief. *See Lowry v. State*, 671 S.W.2d 601 (Tex.App. —Dallas 1984), *aff'd in part & rev'd in part*, 692 S.W.2d 86 (Tex.Crim.App.1985) (en banc). Under this rule, the unconstitutional statutes can provide no support for invocation of the doctrines of *res judicata* and collateral estoppel. Were it not for the holdings in *Chacon* and *Robinson*, we would consider appellant's claim in the light of such aspects of public policy as the nature of the statute and its previous application and questions of rights thought to have been vested. *See Chicot County Drainage District v. Baxter State Bank*, 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1939). In *Wichita County v. Robinson*, 155 Tex. 1, 276 S.W.2d 509 (1955), the Texas Supreme Court recognized that equitable rights may be acquired under a statute which is thereafter declared unconstitutional. Apparently our Court of Criminal Appeals is not inclined to give much weight to the considerations of public policy and equitable factors deemed relevant in *Chicot County* and *Wichita County*.

The judgment of the trial court is affirmed.

BUTTS, Justice, dissenting.

There is no dispute that applicant had previously been charged with the identical offense of driving while intoxicated in the same county court. This cause was dismissed on written motion for discharge under the Speedy Trial Act, TEX.CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Pamph.Supp.1986):

On this the 30TH day of DECEMBER, 1986, came to be heard and considered the Motion of the Defendant based upon a denial of speedy trial under Section 32A.02 CCP, and the Court finding that said motion should be granted;

IT IS ACCORDINGLY ORDERED that the information against the Defendant in the above numbered and entitled cause be, and the same is hereby set aside and the prosecution ordered DISMISSED.

SIGNED this 30TH day of DECEMBER, 1986

———————————————
Judge Presiding

Subsequently, the State filed a new charge of driving while intoxicated based upon the same facts. The State concedes this is the same offense.

*Robinson v. State*, 739 S.W.2d 795 (Tex. Crim.App.1987), as applied to the majority

opinion, is inapposite. In that case the contention that the trial court had erred in denying the defendant's motion to dismiss based on violation of the Speedy Trial Act was the point on appeal. The Court of Criminal Appeals held that the unconstitutional statute could not provide the basis for relief. The difference in the present case is that a final judgment of dismissal of this cause had been signed by the presiding judge in December, 1986.

Likewise *Chacon v. State*, 745 S.W.2d 377, (Tex.Crim.App.1988) (not yet reported) does not support the majority position. There the first case against the defendant (speeding) was in the justice court and was dismissed for violation of the Speedy Trial Act. The second case (DWI) was filed in county court, and the defendant pled dismissal of the first case in bar, TEX.CODE CRIM.PROC.ANN. art. 28.061 (Vernon Pamph.Supp.1986). In the meantime the Speedy Trial Act was declared unconstitutional. *Meshell v. State*, 739 S.W.2d 246 (Tex.Crim.App.1987).

This, too, was obviously a pending matter in *Chacon*, and the relief requested could not be granted because the unconstitutionality of the statute rendered the plea in bar and the motion to dismiss "moot." Since the statute was void and without force and effect, the defendant would not be entitled to gain dismissal of the DWI information. As in *Robinson*, the *Chacon* request for relief was on a *pending* case. The difference in the present case is that the same cause had already been dismissed, and judgment was final.

At the time the trial court signed the judgment of dismissal, that court had the power or authority to perform the contemplated act, and its act was valid. Jurisdiction includes the power to determine either rightfully or wrongfully. *See, Garcia v. Dial*, 596 S.W.2d 524, 527–528 (Tex.Crim. App.1980).

In this case when the trial court dismissed the information against applicant, rightfully or wrongfully, the jurisdiction of the same court over the same cause was exhausted, and the charge filed thereafter purporting to prosecute that same cause was void and of no effect. *See, id.* The relief should have been granted.

En Banc.

## ON APPELLANT'S MOTION FOR REHEARING EN BANC

BUTTS, Justice.

This is an appeal from an order denying habeas corpus relief. Appellant asserted by habeas corpus in the county court at law and now on appeal that his second prosecution for driving while intoxicated is barred because the prior complaint and information charging the identical offense had been dismissed by the trial court. The dismissal was based on the State's failure to comply with the Speedy Trial Act, TEX. CODE CRIM.PROC.ANN. art. 32A.02 (Vernon Supp.1988), as alleged in appellant's motion.

According to the complaint and information filed in both prosecutions, the DWI offense occurred on March 8, 1986. Appellant filed his motion to dismiss in November, 1986. The then county court at law judge dismissed the case on December 30, 1986, for violation of the Speedy Trial Act. On February 9, 1987, the State filed the second complaint and information, charging the same offense.

The State argues that the declaration of unconstitutionality of the Speedy Trial Act and article 28.061[1] of the Texas Code of Criminal Procedure [*Meshell v. State*, 739 S.W.2d 246, 255–58 (Tex.Crim.App.1987)] deprives the appellant of any right to rely on these statutes as a bar to the instant prosecution even though the same offense is charged. It is correct that *Robinson v. State*, 739 S.W.2d 795, 797 (Tex.Crim.App.

---

1. Article 28.061, in effect at the time of the dismissal, provided:

    If a motion to set aside an indictment, information, or complaint for failure to provide a speedy trial is sustained, the court shall discharge the defendant. A discharge under this article or article 32.01 of this code is a bar to any further prosecution for the offense discharged and for any other offense arising out of the same transaction.

1987) stated the rule that an unconstitutional statute is void from its inception and cannot provide a basis for any right or relief. In *Chacon v. State,* 745 S.W.2d 377, 378 (Tex.Crim.App.1988) it was reiterated that "[g]enerally a cause, issue or proposition is or becomes moot when it does not, or ceases to, rest on any existing fact or right," citing 5 TEX.JUR.3d 206, *Appellate Review* § 519 (1980).

In *Robinson* the point of error argued on appeal was that the trial court erred in not dismissing that case because of a violation of the Speedy Trial Act. The point had become moot. In *Chacon,* the first case against that defendant (speeding) had been dismissed in the justice court for a Speedy Trial Act violation. The second case (DWI) was filed in the county court, and the defendant moved for dismissal, pleading that dismissal of the speeding case constituted a bar to the second prosecution, TEX.CODE CRIM.PROC.ANN. art. 28.061. In the meantime the Act was declared unconstitutional in *Meshell.*

In both *Robinson* and *Chacon* the relief requested on appeal was a pending matter, i.e. still in existence or extant. *See, Chacon v. State, supra* at 378. But in those cases it was impossible for the appellate court or the trial court to grant effectual relief. This is because, if error were found, the trial court could not hear the plea in bar and grant relief since its authority to do so had been removed. The statute was "without force and effect." It had expired.

The important difference in the instant case is that the same cause (same offense) had already been dismissed and that judgment was final. Under the law in effect at that time, the discharge constituted a bar to further prosecution for the offense discharged. *See,* art. 28.061, *supra.* The instant action is not an appeal of a pending cause, i.e. a non-final conviction. In other words, it is not a matter upon which the trial court could grant relief on reversal and remand. At the time the trial court signed the judgment of dismissal, that court had the power or authority to perform the contemplated act, and its act was valid. Jurisdiction includes the power to determine either rightfully or wrongfully. *See, Garcia v. Dial,* 596 S.W.2d 524, 527–28 (Tex.Crim.App.1980).

In this case the trial court dismissed the information against appellant. Once the judgment became final, the jurisdiction of the same court over the same cause (the same offense) was exhausted. The charge filed thereafter purporting to prosecute that same cause was void and of no effect. Art. 28.061, *supra.* The subsequent declaration of unconstitutionality of the Speedy Trial Act had no effect on the finality of the judgment.

The plea in bar is valid. Habeas corpus relief should have been granted. The judgment is reversed and the cause is ordered dismissed.

ESQUIVEL and CHAPA, JJ., concur in result.

CADENA, Chief Justice, dissenting.

It is not necessary to quarrel with the majority's conclusion that the December 30, 1986, dismissal of cause no. 362,520, in which appellant was first charged with driving while intoxicated on March 8, 1986, was a final valid order. There can be no doubt that, according to *Garcia v. Dial,* 596 S.W.2d 524, 528 (Tex.Crim.App.1980), following such dismissal, there was "no case, pending against [appellant] and, accordingly, no jurisdiction remaining in the dismissing court." This holding furnished the basis for the dispositive holding in *Garcia* that after such dismissal "the jurisdiction of the [dismissing] court was exhausted and the order entered thereafter purporting to reinstate that cause was void ..." *Id.*

*Garcia* is inapplicable here. It merely stands for the rule that a criminal case, once having been dismissed, may not be reinstated.

The majority's conclusion that the dismissal of a criminal case precludes the filing of a new accusatory pleading charging the same offense is incorrect and finds no support in *Garcia.* That case does not even

intimate that the dismissal barred the filing of a new case.

The majority's conclusion that the dismissal of case no. 362,520 barred the subsequent filing of a new case, no. 383,906, charging appellant with the same offense as that charged in no. 362,502 is reached by equating "same cause" with "same offense." The majority opinion asserts: "In this case when the trial court dismissed the information against appellant ... the jurisdiction of the same court over the same cause (the same offense) was exhausted. The charge filed thereafter purporting to prosecute that same charge was void...." The statement that the dismissal of cause no. 362,520 terminated the jurisdiction of the dismissing court over that cause finds support in *Garcia*. But the assertion that such dismissal exhausted the jurisdiction of that court over the "same offense" is not only puzzling but entirely gratuitous. It finds no support in *Garcia*, which speaks only of the dismissal of accusatory pleadings. When an indictment or information is dismissed, the result is the termination of the case which is based on such indictment or information. This is made clear by the statement in *Garcia* that after the indictment or information is dismissed "there is ... no case pending against the accused...." 596 S.W.2d at 528. Indictments, informations and cases are frequently dismissed. I know of no case in which a court purported to dismiss an offense.

The unqualified assertion that the dismissal of an indictment or information bars a subsequent prosecution for the same offense based on a new accusatory pleading cannot be defended. Subject to some exceptions not applicable in this case, the dismissal of an indictment or information prior to the time that jeopardy has attached is no bar to a subsequent prosecution for the same offense under a new charging instrument. *Saucier v. State*, 156 Tex. Crim. 301, 235 S.W.2d 903, 913 (1950), *cert. denied*, 341 U.S. 949, 71 S.Ct. 1016, 95 L.Ed. 1372 (1951); *Friemel v. State*, 148 Tex.Crim. 454, 188 S.W.2d 175, 176 (1945); *Martinez v. State*, 646 S.W.2d 483, 485 (Tex.App.—Houston [1st Dist.] 1982, no pet.).

There is another reason why the dismissal of cause no. 362,520 does not standing alone, bar a subsequent prosecution for the same offense under a new accusatory pleading. In this case the dismissal was ordered in response to appellant's motion to dismiss because of a failure to comply with the requirement of the Speedy Trial Act. It is well settled that where the dismissal or other early termination of the proceedings is based on defendant's motion, the granting of such motion does not prevent a subsequent prosecution for the same offense. In such cases, subsequent prosecution for the same offense does not present "a picture of an all-powerful State relentlessly pursuing a defendant who had either been found not guilty or who had at least insisted on having the issue of guilt" determined in that proceeding. In such cases we have a defendant "who chooses to avoid a conviction" in that proceeding not because the prosecution cannot make out a case against him, but because of his claim that the case against him must fail even though the prosecution "might satisfy the trier of fact that he was guilty beyond a reasonable doubt." *United States v. Scott*, 437 U.S. 82, 96, 98 S.Ct. 2187, 2196–97, 57 L.Ed.2d 65 (1978).

The rule recognized in *Scott* is applied in Texas even in cases where the premature termination of the prosecution at defendant's request takes place after jeopardy has attached. In *Bowles v. State*, 606 S.W.2d 875, 876 (Tex.Crim.App.1980), defendant claimed that the trial court had erroneously overruled his plea of former jeopardy. His contention was based on the fact that at a prior trial the jury was discharged because it was unable to reach a verdict. This claim was rejected because the record showed that the jury was discharged at the request of defendant. The Court, relying on *Rios v. State*, 557 S.W.2d 87 (Tex.Crim. App.1977), held that since the premature termination of the proceeding was at defendant's request the guarantee against double jeopardy was not violated.

Under the reasoning found in *Scott, Bowles,* and *Rios,* the dismissal of cause no. 362,502 at appellant's request did not bar a subsequent prosecution. Any attempted distinction based on the fact that in this case we have a dismissal rather than a declaration of a mistrial must fail. In *Durrough v. State,* 620 S.W.2d 134, 137 (Tex.Crim.App.1981) (en banc), the Court held that the dismissal of a case because of a defective indictment in response to defendant's motion did not bar a subsequent prosecution for the same offense under a new indictment.

It must be concluded that the sole basis for holding that the dismissal of cause no. 362,520 at appellant's request in this case must be found in TEX.CODE CRIM.PROC. ANN. art. 28.061 (Vernon Supp.1988), which provided that if an accusation is set aside for failure to comply with the Speedy Trial Act, the defendant shall be discharged and such discharge shall bar "any further prosecution for the offense charged...." The decisive question in this case is whether the holding in *Meshell v. State,* 739 S.W.2d 246, 255–58 (Tex.Crim. App.1987) (en banc), which struck down this provision along with the Speedy Trial Act precludes reliance on the statutory bar to prosecution which was found in art. 28.-061.

In *Robinson v. State,* 739 S.W.2d 795 (Tex.Crim.App.1987) (en banc), the Court unequivocally adopted the rule that an unconstitutional statute is void from its inception and cannot be the basis for any claim of right or relief. Since an unconstitutional statute is void from its inception, it cannot sustain either a conviction or a plea of jeopardy. *See Lowry v. State,* 671 S.W.2d 601 (Tex.App.—Dallas 1984), *aff'd in part & rev'd in part,* 692 S.W.2d 86 (Tex.Crim. App.1985) (en banc).

*Chacon v. State,* 745 S.W.2d 377 (Tex. Crim.App.1988) (en banc), is determinative of the question before us. *Chacon* involved a prosecution for DWI. A justice court had, on motion of the prosecution, dismissed a complaint for speeding against defendant. The speeding charge arose out of the same transaction as the DWI charge. The court in which the DWI case was pending overruled defendant's pretrial motion based on the theory that, because of the prior dismissal of the speeding charge, prosecution of the DWI case was barred by art. 28.061. The Court of Criminal Appeals held that since the statute authorizing the trial court to grant relief is unconstitutional, it is without force and effect and no relief can be granted on the basis of the unconstitutional statute. *Id.* at 378.

The majority attempts to distinguish *Chacon* by arguing that the relief requested there was "a pending matter, i.e., still in existence or extant." There is no basis for the attempted distinction. In *Chacon,* the defendant relied on the prior dismissal of an accusation because of a failure to comply with the Speedy Trial Act. Here appellant relies on the prior dismissal of an accusation because of the failure to comply with the Speedy Trial Act. The trial court rejected the plea in bar, which was based on art. 28.061. The trial court's ruling occurred before that statute was declared unconstitutional. Here appellant's plea based on art. 28.061 was overruled by the trial court prior to the declaration in *Meshell* that the statute was unconstitutional. In *Chacon,* the declaration of unconstitutionality occurred after the case reached the Court of Criminal Appeals. Here, the declaration of unconstitutinality occurred after the case reached this Court. Whatever the majority means by saying that in *Chacon* "the relief requested on appeal was a pending matter—i.e., still in existence or extant," the same must be said here. The cases cannot be distinguished.

The judgment of the trial court should be affirmed.

DIAL, J., concurs in dissent.

### ON APPELLANT'S MOTION FOR REHEARING EN BANC

June 8, 1988

ESQUIVEL, Justice, concurring.

I concur in the result.

At the habeas corpus hearing, the State contended that the dismissal of the prior complaint and information was improper because the court did not follow correct procedure. The State did not assert that the Speedy Trial Act was unconstitutional.

In the original opinion on this appeal, Chief Justice Cadena, writing for the majority, observed:

> Were it not for the holdings in *Chacon* [*v. State,* 745 S.W.2d 377 (Tex.Crim.App. 1988)] and *Robinson* [*v. State,* 739 S.W. 2d 795 (Tex.Crim.App.1987)], we would consider appellant's claim in the light of such aspects of public policy as the nature of the statute and its previous application and questions of rights thought to have been vested. *See Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371 (1939). In *Wichita County v. Robinson,* 155 Tex. 1, 276 S.W.2d 509 (1955), the Texas Supreme Court recognized that equitable rights may be acquired under a statute which is thereafter declared unconstitutional. Apparently our Court of Criminal Appeals is not inclined to give much weight to considerations of public policy and equitable factors deemed relevant in *Chicot County* and *Wichita County.*

*Lapasnick v. State,* 751 S.W.2d 880, 881 (Tex.App.—San Antonio 1988).

We now have the benefit of two cases from the Court of Criminal Appeals that were decided after the original *Lapasnick* opinion.

In *Reyes v. State,* 753 S.W.2d 382, (Tex. Crim.App.1988), the Court of Criminal Appeals held that the Court of Appeals erred in upholding Reyes' allegation that the trial court erred in denying his motion to dismiss for want of a speedy trial. In an opinion authored by Presiding Judge Onion and joined by three other judges with Judge Miller concurring in the result, the Court again stated, "An unconstitutional statute is void from its inception and cannot provide a basis for any right or relief." *Reyes v. State,* 753 S.W.2d at 383. The Court cited numerous cases and authorities to the same effect.

On the same day this Court of Appeals delivered the opinion on appellant's motion for rehearing en banc in this appeal, the Court of Criminal Appeals decided *Stevenson v. State,* 751 S.W.2d 508 (Tex.Crim. App.1988). In *Stevenson,* the Court of Criminal Appeals held, as in *Reyes,* that the Court of Appeals improperly sustained Stevenson's claim that the trial court erroneously denied his speedy trial motion to dismiss.

In a concurring opinion, Judge Miller disagreed with the statement that the Speedy Trial Act cannot provide a basis for any right or relief since it has been declared unconstitutional. *Stevenson v. State,* 751 S.W.2d at 509 (Miller, J., concurring). Judge Miller continued:

> [R]etroactive application of the unconstitutionality of the Speedy Trial Act ... could, in certain applications, deprive a defendant of a substantial right under the Act and in effect amount to a violation of the ex post facto principles embodied in due process. Specifically I refer to a defendant who has been successful in asserting a speedy trial act claim and who has secured a final judgment towards that end.
>
> Remembering that neither the Constitution of the United States nor of Texas prohibits or requires retroactive application of a judicial decision, *see Linkletter v. Walker,* 381 U.S. 618 [85 S.Ct. 1731, 14 L.Ed.2d 601] (1965), in the interest of justice and to avoid the prohibition against ex post facto laws (*see* Art. I, § 16 of the Texas Constitution), we should apply the holding in *Meshell v. State,* 739 S.W.2d 246 (Tex.Crim.App. 1987), only prospectively as to defendants whose speedy trial motions were granted by the trial court and who have secured final judgments evidencing same.

*Stevenson v. State,* 751 S.W.2d at 509 (Miller, J., concurring).

In a dissenting opinion, Judge Duncan, joined by Judges Teague and Campbell, agreed in general with Judge Miller that the acquisition of a substantial right is an exception to the general rule that an unconstitutional statute is void from its inception. *Stevenson v. State,* 751 S.W.2d at 509 (Duncan, J., dissenting).

Judge Clinton also dissented in *Stevenson.* In his opinion there are exceptions to

the general rule that an unconstitutional statute cannot provide a basis for any right or relief.

One is that equitable rights may be acquired before declaration of unconstitutionality is made such that they are not lost thereafter. For example, a judgment rendered under an unconstitutional statute nevertheless retains its binding effect. [12 Tex.Jur.3d 548–549, Constitutional Law § 41]; 48 Tex.Jur.3d 399, Judgments § 351, citing *King v. King,* 291 S.W. 645 (Tex.Civ.App.—San Antonio 1927, writ dismissed w.o.j.). . . .

*Stevenson v. State,* 751 S.W.2d at 511 (Clinton, J., dissenting).

Thus it appears that a majority of the Court of Criminal Appeals recognizes that the general rule that an unconstitutional statute provides no basis for any right or relief is not absolute.

I would adopt Judge Miller's and Judge Clinton's rationales and hold that to protect equitable rights in the interest of justice and to avoid the prohibition against ex post facto laws the holding of *Meshell v. State* does not retroactively apply to the appellant in the instant cause.[1]

Accordingly, I concur with the majority opinion on appellant's motion for rehearing en banc. The case at hand is indeed distinguishable from *Robinson v. State* and *Chacon v. State,* as the majority correctly points out.

Here, the dismissal vested appellant with equitable rights in the way of a final judgment dismissing the case against appellant with prejudice. Additionally, appellant acquired the substantial right prohibiting further prosecution of appellant for the same offense.

I agree that the habeas corpus relief sought by appellant should have been granted.

CHAPA, J., joins.

---

1. The first case against appellant was dismissed before the decision in *Meshell v. State.*