**Patrick Joseph LAPASNICK, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 727–88.

Court of Criminal Appeals of Texas, En Banc.

Jan. 17, 1990.

Rehearing Denied Feb. 14, 1990.

Marvin Miller, Richard Miller, San Antonio, for appellant.

Fred G. Rodriguez, Dist. Atty., and John Wondra, Monica Gonzales and Daniel Thornberry, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

CAMPBELL, Judge.

Appellant was charged with speeding and driving while intoxicated. When the State failed to try appellant for the speeding charge in the time specified in Art. 32A.02 V.A.C.C.P., the former Speedy Trial Act, the cause was dismissed, with preju-

---

dice, by the trial court pursuant to Art. 28.061 V.A.C.C.P. Appellant then moved to have his driving while intoxicated prosecution similarly dismissed. The trial court in that cause dismissed the information with prejudice.

On February 9, 1987, the State filed a new information charging appellant for driving while intoxicated. The new information was based on the same incident that was the basis for the charges dismissed pursuant to the Speedy Trial Act. In July of 1987, this Court declared Art. 32A.02 V.A.C.C.P. to be unconstitutional. *Meshell v. State*, 739 S.W.2d 246 (Tex.Cr.App.1987). Appellant sought a writ of habeas corpus on grounds of res judicata and collateral estoppel; however, the trial court denied habeas relief. Appellant appealed, and, sitting en banc, the San Antonio Court of Appeals "reversed" the trial judge in a published opinion. *Lapasnick v. State*, 751 S.W.2d 880 (Tex.App.—San Antonio 1987). The State filed a petition for discretionary review to this Court. We granted the State's petition in order to determine whether the dismissal of a trial court cause pursuant to Art. 28.061 V.A.C.C.P. which was final before this Court's opinion in *Meshell* would serve as a bar to further prosecution.[1] We find that such a dismissal does bar reprosecution and affirm the judgment of the Court of Appeals.

In reaching its decision, the court below held that, under the law in effect at that time, the trial judge had the authority to order a dismissal with prejudice. Because the dismissal of appellant's cause was final at the time that *Meshell* was decided, the court below held that the decision in *Meshell* had no effect on the trial judge's order. Citing *Garcia v. Dial*, 596 S.W.2d 524 (Tex.Cr.App.1980), the court below noted that "Jurisdiction includes the power to determine either rightfully or wrongfully." *Lapasnick*, 751 S.W.2d at 883. Thus, the Court of Appeals held that, because the trial court's dismissal was proper at the

time it was made, our subsequent decision in *Meshell* had no effect on the trial court's action.

The dissent below focuses on our language from *Robinson v. State*, 739 S.W.2d 795 (Tex.Cr.App.1987), holding that Art. 32A.02 V.A.C.C.P. was void from its inception and "cannot be the basis for any claim of right or relief." *Lapasnick*, 751 S.W.2d at 881, (Cadena, C.J. dissenting). The dissent reasoned that, because Art. 28.061 only applies to dismissals under Art. 32A.02, barring the instant trial prosecution would constitute the granting of a claim of right under a void statute.

In its petition for discretionary review, the State takes the same position as taken in the dissenting opinion from the court below. First, the State argues that *Chacon v. State*, 745 S.W.2d 377 (Tex.Cr.App. 1988), and *Robinson*, 739 S.W.2d 795, are not distinguishable from the instant case on the basis that, here, there is a final order for dismissal. Next, the State challenges the lead opinion's reliance on *Garcia v. Dial*,[2] 596 S.W.2d 524. And, finally, the State argues that, since Art. 32A.02 V.A.C.C.P. was void at its inception, it is incapable of providing authority to convey any right.

Appellant makes three arguments in support of the judgment of the Court of Appeals. His first two arguments concern a trial court's loss of jurisdiction of a case upon dismissal. The third is an adoption of the reasoning in the concurring opinion in the lower court, which argued that equitable rights vested in appellant upon dismissal of the complaint and information. We will limit our discussion to this third point.

This case presents us with an issue of first impression: Does a dismissal with prejudice of a prosecution under the former Speedy Trial Act on motion of a defendant under that statute serve as a bar to further prosecution for the same offense? We

---

1. Review was granted because this is an issue of first impression that is important to the jurisprudence of the state, Tex.R.App.Pro. 200(c)(2), and because a dissent was filed in the Court of Appeals, Tex.R.App.Pro. 200(c)(5).

2. We will not discuss this aspect of the State's position because we do not rely on *Garcia v. Dial* in reaching our judgment.

have addressed the effect of the unconstitutionality of previous Art. 32A.02 V.A.C.C.P. in a variety of procedural postures and denied relief in all of these cases. *Stevenson v. State*, 751 S.W.2d 508 (Tex.Cr.App. 1988) (trial court granted motion, Court of Appeals reversed trial court judgment); *Jefferson v. State*, 751 S.W.2d 502 (Tex.Cr. App.1988) (trial court denied motion, Court of Appeals reversed and granted relief); *Robinson*, 739 S.W.2d 795 (case on direct appeal, trial court denied motion). In surveying these cases, we have never been presented with a defendant who had received a final dismissal under the Act and who now claims a bar of former jeopardy upon the State's attempt to retry him under a new charging instrument.[3]

The general rule concerning passage of an unconstitutional statute is that the law is "void from its inception and cannot provide a basis for any right or relief. See, e.g., *Jefferson*, 751 S.W.2d at 502–503; *Colden v. Alexander*, 141 Tex. 134, 171 S.W.2d 328 (1943). This rule, however, is not without exception. In *Wichita County v. Robinson*, 155 Tex. 1, 276 S.W.2d 509 (1954), our Texas Supreme Court held:

> [W]hile an unconstitutional statute does not convey any rights, duties or obligations and is in legal contemplation inoperative ab initio[,] nonetheless the parties may so deal with each other relying upon the validity of the statute that neither may invoke the aid of the courts to undo what they have done.

*Id.* at 516; see also *Sharber v. Florence*, 115 S.W.2d 604, 607 (Tex.1938); *Barton v. State*, 230 S.W. 989 (Tex.Cr.App.1921). This principle has been more recently embraced, in dictum, by this Court in *Rose v. State*, 752 S.W.2d 529 (Tex.Cr.App.1987).

> Although not before us in the present case, we think it wise to point out that this general rule [that a statute is void ab initio and without power to provide any right] is subject to exception where a

judgment has been rendered under an unconstitutional statute and litigants have relied upon the benefits of the statute until declaration of its invalidity. *Lone Star Motor Import, Inc. v. Citroen Cars Corp.*, 288 F.2d 69 (5th Cir. 1961); *Stevenson v. State*, 751 S.W.2d 508 (Tex.Cr.App.1988) (Miller, J. concurring and Duncan, J. dissenting). See also 12 Tex.Jur.3d, *Constitutional Law*, § 41, at 548 (and cases in nn. 34–35 thereof).

*Id.* at 553 n. 4 (opinion on rehearing).

The exception to the general rule concerning unconstitutional statutes is applicable to the instant case. As stated in *Rose*, application of this rule requires a final judgment entered before the statute was declared unconstitutional and reliance on the benefits of the statute. First, because the appellant's initial motion for dismissal was granted and became final before we declared Art. 32A.02 V.A.C.C.P. to be unconstitutional, the first requirement for application of this exception is satisfied.

Second, the dismissal, with prejudice, of this cause created a substantial right for appellant.

> The underlying idea [of the prohibition against double jeopardy], one that is deeply ingrained in at least the Anglo–American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.

*Green v. United States*, 355 U.S. 184, 187–88, 78 S.Ct. 221, 223, 2 L.Ed.2d 199 (1957). Although the instant prosecution of appellant does not implicate his constitutional

---

3. In *Stevenson*, 751 S.W.2d 508, Judge Miller filed a concurring opinion that raised the possibility of a procedural setting identical to the instant case. In addition, Judges Clinton and Duncan, in separate dissenting opinions, suggested the viability of the "equitable acquisition

of rights" doctrine. Application of such a doctrine would also determine the outcome of this case. Therefore, although this Court has spoken to the issue presented here, until today, all of these pronouncements have been dictum.

rights to be free from being twice placed in jeopardy for the same offense,[1] his interest in the finality of the State's prosecution is similar. Freedom from the expense of mounting a defense and the anxiety of standing accused by the State would be significant in any person's life. We find these interests to be substantial within the context of the "acquisition of substantial rights" exception discussed above.

We find that the dismissal of appellant's driving while intoxicated case was a final order, that the parties relied upon the constitutionality of Art. 32A.02 V.A.C.C.P., and that such reliance vested substantial rights in appellant. We hold, therefore, that further prosecution of appellant for this offense is prohibited. This holding is consistent with principles of equity alluded to *ante*, and to the validity of the Act at the time in question.

To the extent that the lead opinions in *Stevenson*, 751 S.W.2d 508, *Jefferson*, 751 S.W.2d 502, or any other opinion by this Court suggest that there is no exception to the rule that an unconstitutional statute is incapable of *ever* providing the basis of a right, they are hereby overruled.

The judgment of the Court of Appeals is affirmed.

BERCHELMANN, J., not participating.

WHITE, J., concurs.

---

**4.** A governmental appeal from a speedy trial dismissal does not violate double jeopardy guarantees. See *United States v. Scott*, 437 U.S. 82, 98 S.Ct. 2187, 57 L.Ed.2d 65 (1978). Reference to appellant's interests related to double jeopardy are discussed only by way of analogy.