The STATE of Texas, Appellant,

v.

Raul MORALES, Jr., Appellee.

No. 3–90–099–CR.

Court of Appeals of Texas,
Austin.

Feb. 20, 1991.

Rehearing Overruled March 27, 1991.

Nathan B. Rheinlander, County Atty., Kimbel L. Brown, Asst. County Atty., New Braunfels, for the State.

Kenneth D. Brazle, New Braunfels, for appellee.

Before CARROLL, C.J., and JONES and ABOUSSIE, JJ.

JONES, Justice.

The State appeals from the trial court's dismissal of an information charging Raul Morales, Jr., with the offense of driving while intoxicated. Tex.Code Cr.P. Ann. art. 44.01 (Supp.1991). We will reverse and remand.

Morales was charged in Cause No. 90CR–161 with driving while intoxicated, allegedly committed in Comal County on November 29, 1989. While that charge was pending, Morales was again arrested and charged with the same offense in Cause No. 90CR–374, allegedly committed on January 19, 1990. The results of intoxilyzer tests showed a 0.22 alcohol concentration for the first incident and 0.26 for the second incident. The State and Morales's attorney reached a plea bargain agreement wherein Morales agreed to plead guilty to both offenses and the State agreed to recommend punishment of a $300 fine, $126.50 court costs, and sixty days in jail for each offense, with the jail sentences to run concurrently. Upon presentation of this agreement to the trial court at a hearing on March 30, 1990, the court rejected it. In lieu thereof, the court found Morales guilty in Cause No. 90CR–161 and sentenced him for that offense to a $600 fine, court costs, a one-year driver's license suspension, and thirty days in jail; the court then dismissed Cause No. 90CR–374. The written dismissal order later signed by the trial court recites that it was on the motion of the defendant. No appeal was taken in Cause No. 90CR–161. The State argues in this

appeal that the trial court was not authorized to dismiss Cause No. 90CR–374.

■ This Court has recognized that "in the absence of constitutional or statutory authorization, a trial court cannot dismiss a prosecution except on the motion of the prosecuting attorney." *State v. Gray*, 801 S.W.2d 10 (Tex.App.1990, no pet.); *see also State v. Anderson*, 119 Tex. 110, 26 S.W.2d 174 (1930); *State v. Torres*, 805 S.W.2d 418 (Tex.Cr.App.1991) (Clinton, J., concurring); *Wallace v. State*, 145 Tex.Crim. 625, 170 S.W.2d 762 (1943); *Malley v. State*, 125 Tex.Crim. 625, 69 S.W.2d 765 (1934); *State v. Fox*, 772 S.W.2d 455 (Tex.App.1989, no pet.); *State v. Chandler*, 767 S.W.2d 211 (Tex.App.1989, no pet.). The Texas Code of Criminal Procedure requires the prosecutor to obtain the trial court's permission before dismissing a charge, but otherwise does not diminish the prosecutor's traditional responsibility for and control of criminal prosecutions. *See* Tex.Code Cr.P.Ann. art. 32.02 (1989).

Morales asserts three arguments in support of the trial court's dismissal: (1) the trial court never accepted the original plea agreement, and the State and Morales entered into a new plea arrangement in open court; (2) the State waived any alleged error by failing to object at the trial level; and (3) a retrial would subject Morales to double jeopardy.

■ Morales first argues that after the trial court rejected the initial plea bargain agreement, the State agreed to or acquiesced in a new arrangement suggested by the trial court. Our review of the record does not reveal any express agreement by the State. Accordingly, we must determine whether a new plea bargain agreement was formed merely through the State's acquiescence. In this regard, we note initially that a plea bargain agreement is essentially a contract. *Thi Van Le v. Perkins*, 700 S.W.2d 768, 773–74 (Tex.App. 1985), appl. for writ of mand. denied, 738 S.W.2d 276 (Tex.Cr.App.1987). In civil proceedings, the rule regarding formation of a contract is stated that "[s]ilence on the part of the offeree does not constitute an acceptance of the offer unless the relationship of the parties, their previous dealings, or other circumstances are such as to impose on him a duty to speak." 17 C.J.S. *Contracts* § 41(e) at 670 (1963).

We are uncertain whether such a rule of contract formation applies in the present setting. Even if it does, however, the statement of facts reveals neither special circumstances giving rise to a duty on the part of the prosecutor to speak, nor any indication of conduct by the prosecutor that could lead us to infer acceptance of the "offer" being proposed. A review of the relevant portions of the statement of facts is instructive. After the prosecutor and the defense attorney had informed the court that a plea bargain had been reached whereby Morales would plead guilty to both charges as described above, the following dialogue occurred:

THE COURT: Let's see. On 90–161, I find you guilty. And I tell you what you ought to do here. You know, why don't you just trade one of these cases out, do one plea on this.

MR. BRAZLE (defense attorney): I—I asked for that, Your Honor. Mr. Brown didn't think that that was ...

MR. BROWN (prosecutor): Well—

MR. BRAZLE: ... the proper way to do it.

\* \* \* \* \* \*

THE COURT: Well, let's just roll—roll it into one case here. I'll dismiss 90–0246 [sic]; however, give you a $600 fine—

MR. BRAZLE: The 374, Your Honor, that—

THE CLERK: The newest?

THE COURT: Yeah, the latest case.

THE CLERK: Dismiss that—

THE COURT: I'll find the evidence insufficient and, however, on—well, all this paperwork is made out—which one is the—

MR. BROWN: Your Honor—

THE COURT: 90–161 is the first case?

MR. BRAZLE: Yes, Your Honor.

THE COURT: Okay.

MR. BROWN: Your Honor, my concern is not the amount or the fines as much as

it is having the two convictions so the next, if he—if he—

THE COURT: I understand the State's position. Be fined—in 90–161, be fined $600 ...

THE DEFENDANT: Yes, sir.

THE COURT: ... court costs, $200 in attorney's fees ...

THE DEFENDANT: Yes, sir.

THE COURT: ... 60 days to do.

MR. BRAZLE: Your Honor, we have prepared an inmate's work release program, also, for your signature.

THE COURT: Okay. And you are going to want to do the work release?

MR. BRAZLE: Yes, Your Honor.

\* \* \* \* \* \*

THE COURT: How did you-all come up with 60 days?

MR. BROWN: That was just the—

THE COURT: Run over a dog or something?

MR. BROWN: No, Your Honor. That was just the jail time that was originally offered.

MR. BRAZLE: It was originally to be probation, Your Honor, is the reason I think we came up with 60 days.

THE COURT: Make it 30 days. I don't understand this arbitrary—

MR. BRAZLE: Your Honor, could he begin his work release—

THE COURT: Okay. What's—what's— what's—is there something here in these police reports that I don't see?

MR. BROWN: Well, Your Honor, any— anyone that gets two DWI's ...

THE COURT: I tell you what—

MR. BROWN: ... in a four-month period of time has a severe problem and they need—

THE COURT: They should go to jail forever, right? Okay.

MR. BROWN: Not forever, Your Honor, but it does—does keep them from drinking. They can't drink in the jail house.

THE COURT: (Inaudible). 30 days in jail.

It is apparent from the foregoing dialogue that the prosecutor did not conduct himself in a way that would permit the inference that he was agreeing to the trial court's "suggested" plea bargain. Indeed, it appears he attempted, albeit meekly, to dissuade the court from its ruling. We conclude that under the particular circumstances of this case, the prosecutor's silence, by itself, does not permit the inference that he accepted the court's proposed arrangement. The essence of a plea bargain is, after all, an agreement between the defendant and the prosecutor, not the defendant and the court.

Morales next argues that the State waived any error by failing to object to the trial court's dismissal of Cause No. 90–374. In this regard, Morales relies on Rule 52(a) of the Texas Rules of Appellate Procedure. Rule 52(a) provides as follows:

In order to preserve a complaint for appellate review, a party must have presented to the trial court a timely request, objection or motion, stating the specific grounds for the ruling he desired the court to make if the specific grounds were not apparent from the context. It is also necessary for the complaining party to obtain a ruling upon the party's request, objection or motion. If the trial judge refuses to rule, an objection to the court's refusal to rule is sufficient to preserve the complaint. It is not necessary to formally except to rulings or orders of the trial court.

Tex.R.App.P. 52(a).

This Court has recently held that Rule 52(a) "means what it says" regarding the need to object in order to preserve an appellate complaint about trial court procedure. *See Marin v. State*, 801 S.W.2d 944 (Tex.App.1990, pet. granted). However, requiring an "objection" to a ruling or order that disposes of the entire case would be tantamount to requiring a motion for new trial or other post-judgment motion, and such motions are not a prerequisite for appeal in criminal cases. *See* Tex.Code Cr.P. Ann. art. 44.01 (Supp.1990); *cf.* Tex. R.App.P. 30(a). We conclude that the State did not waive its right to complain, on appeal, of the trial court's dismissal.

Finally, Morales argues that a reversal would subject him to double jeopardy. Cit-

ing *Lapasnick v. State,* 784 S.W.2d 366 (Tex.Cr.App.1990), Morales asserts that jeopardy attaches when the trial court dismisses a charge.[1] *Lapasnick* does not apply to the present circumstances. In *Lapasnick,* the State did not appeal from the dismissal; rather, the State simply filed a new information based on the same incident. Where a case is sought to be retried after a reversal on appeal, even when jeopardy has already attached, the following rule applies:

> [W]here a reversal rests solely on trial error, as distinguished from evidentiary sufficiency, the disposition of the case is not tantamount to a finding that the State has failed to prove its case.... In that case, a reversal would not bar a retrial for the same offense under the double jeopardy clause.

*Bush v. State,* 628 S.W.2d 441, 445 (Tex.Cr. App.1982) (citations omitted). The statute permitting appeals by the State would be of little value if, each time the State obtained a reversal, double jeopardy barred reprosecution. Nonetheless, we conclude that the double-jeopardy issue is premature at this stage in the case, and we decline to address it in this opinion.

The State's point of error is sustained. The dismissal order is reversed, and the cause is remanded to the trial court.

---

**1.** We note that jeopardy also attaches, in a bench trial, when both sides have announced ready and the defendant has pled to the charging instrument. *State v. Torres,* 805 S.W.2d 418 (Tex.Cr.App.1991).