**Opinion issued June 5, 2014.**



**In The**

# Court of Appeals

**For The**

# First District of Texas

_____

**NO. 01-13-00039-CR**

_____

**PETER JOHN SCHUSTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 337th District Court**
**Harris County, Texas**
**Trial Court Case No. 1322485**

---

**O P I N I O N**

Peter John Schuster appeals from his conviction under Section 33.021(b)(1) of the Texas Penal Code, which prohibits certain types of sexually explicit communications with a minor child. TEX. PENAL CODE ANN. § 33.021(b)(1) (West 2012). On appeal, Schuster argues that Section 33.021(b)(1) is facially

unconstitutional because it is overbroad and vague and because it violates the Dormant Commerce Clause of the United States Constitution. Alternatively, he argues that his trial counsel was ineffective because he did not preserve the constitutionality challenges for appeal. We reverse the judgment, direct the trial court to dismiss the indictment, and direct that Schuster be released from imprisonment.

## Background

Schuster was charged with one count of violating Section 33.021(b)(1) of the Penal Code, "Online Solicitation of a Minor," which states in relevant part:

> A person who is 17 years of age or older commits an offense if, with the intent to arouse or gratify the sexual desire of any person, the person, over the Internet, by electronic mail or text message or other electronic message service or system, or through a commercial online service, intentionally:
> (1) communicates in a sexually explicit manner with a minor.

TEX. PENAL CODE ANN. § 33.021(b)(1) (West 2012). "Minor" is defined as "(A) an individual who represents himself or herself to be younger than 17 years of age; or (B) an individual whom the actor believes to be younger than 17 years of age." *Id.* § 33.021(a)(1). Only the second definition of "minor" was charged in the indictment. For purposes of Section 33.021, "sexually explicit" is defined as "any communication, language, or material, including a photographic or video image, that relates to or describes sexual conduct, as defined by [Penal Code] Section 43.25." *Id.* § 33.021(a)(3). Section 43.25 of the Penal Code defines "sexual

2

conduct" as "sexual contact, actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sado-masochistic abuse, or lewd exhibition of the genitals, the anus, or any portion of the female breast below the top of the areola." *Id.* § 43.25(a)(2).

Schuster pleaded guilty to the charge and pleaded "true" to an enhancement paragraph stating that he had previously received three convictions of possession of child pornography. After a pre-sentence investigation hearing, the trial court found Schuster guilty and assessed a penalty of 40 years' confinement in the Institutional Division of the Texas Department of Criminal Justice. Schuster now appeals, asking that this Court find Section 33.021(b)(1) unconstitutional and order entry of a judgment of acquittal. Alternatively, he asks that we order a new trial due to ineffective assistance of counsel.

While this appeal was pending, the Court of Criminal Appeals decided *Ex parte Lo*, in which it held that Section 33.021(b) is unconstitutionally "overbroad because it prohibits a wide array of constitutionally protected speech and is not narrowly drawn to achieve only the legitimate objective of protecting children from sexual abuse." 424 S.W.3d 10, 14 (Tex. Crim. App. 2013), *rev'g Lo v. State*, 393 S.W.3d 290, 299 (Tex. App.—Houston [1st Dist.] 2011). The State of Texas sought rehearing, which the Court of Criminal Appeals denied. 424 S.W.3d at 30.

## Constitutional Challenges

Schuster's second argument on appeal is the same as that raised in *Ex parte Lo*, namely that Section 33.021(b)(1) is facially overbroad. The record reveals—and Schuster concedes—that Schuster did not raise any constitutional challenges to Section 33.021(b)(1) in the trial court.

The Court of Criminal Appeals has stated that "a defendant may not raise for the first time on appeal a facial challenge to the constitutionality of a statute." *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009). Under *Karenev*, "[a] facial challenge to the constitutionality of a statute" falls within the category of matters for which an objection is necessary to preserve error. *Id.* at 434; *Marin v. State*, 851 S.W.2d 275, 279–80 (Tex. Crim. App. 1993) (recognizing three different rules for error preservation), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262, 264 (Tex. Crim. App. 1997); *see also Fuller v. State,* 253 S.W.3d 220, 232 (Tex. Crim. App. 2008) ("almost all error—even constitutional error—may be forfeited if the appellant failed to object"); *Sanchez v. State*, 120 S.W.3d 359, 365–66 (Tex. Crim. App. 2003) (stating that *Marin* is a watershed decision in law of error preservation); Tex. R. App. P. 33.1(a) ("As a prerequisite to presenting a complaint for appellate review, the record must show that . . . the complaint was made to the trial court . . . ."). As the Court of Criminal Appeals explained, the "'very nearly' exclusive list" of situations in which a judgment can be considered

void "does not include a judgment resulting from a facially unconstitutional statute." *Karenev*, 281 S.W.3d at 432 (citing *Nix v. State*, 65 S.W.3d 664, 668 (Tex. Crim. App. 2001)).

The Court of Criminal Appeals premised its holding in *Karenev* on the doctrine that "[s]tatutes are presumed to be constitutional until it is determined otherwise." 281 S.W.3d at 434. Thus, "[t]he State and the trial court should not be required to anticipate that a statute may later be held to be unconstitutional," and a defendant must raise a facial challenge to a statute in the trial court. *Id.* Here, however, that presumption of constitutionality cannot apply because the highest criminal court in this state—the Court of Criminal Appeals—has already determined that Section 33.021(b) is facially unconstitutional. *See Ex parte Lo*, 424 S.W.3d at 14.

"The general rule concerning passage of an unconstitutional statute is that the law is 'void from its inception and cannot provide a basis for any right or relief.'" *Lapasnick v. State*, 784 S.W.2d 366, 368 (Tex. Crim. App. 1990). There is an exception to that rule, such that an unconstitutional statute may give rise to a right "where a judgment has been rendered under an unconstitutional statute and litigants have relied upon the benefits of the statute until declaration of its invalidity." *Id.* (quoting *Rose v. State*, 752 S.W.2d 529, 553 n.4 (Tex. Crim. App. 1987)) (noting that defendant had obtained dismissal of criminal case on basis of

former Speedy Trial Act, before Act was declared unconstitutional, and such reliance gave defendant right to avoid further prosecution). That exception does not apply here, as Schuster has not relied upon any "benefits" of the statute in question that might give rise to a substantive right.

We have been able to identify only one case implicating *Karenev*'s error-preservation requirements as applied to a conviction under a statute that has been judicially declared unconstitutional by our state's highest criminal court before the resolution of the appeal. Coincidentally, that case also addressed *Ex parte Lo*'s holding that Section 33.021(b) of the penal code is unconstitutional. *Sanders v. State*, No. 06–13–00172–CR, 2014 WL 887781, at *1 (Tex. App.—Texarkana Mar. 6, 2014, no pet. h.) (mem. op., not designated for publication). In a one-page opinion, the Texarkana Court of Appeals held that the defendant's conviction could not stand, as the statute was void from inception. *Id.* (citing *Lapasnick*, 784 S.W.2d at 368). Although the court's opinion did not address error preservation, the briefs revealed that Sanders, like Schuster, did not raise a constitutional challenge in the trial court. The court of appeals nonetheless reversed. *Id.* The Texarkana court's decision, however, has no precedential value, and, there, the State agreed that Sanders's conviction could not stand. *Id.*; *see also* TEX. R. APP. P. 47.7(a) ("Opinions and memorandum opinions not designated for publication by the court of appeals . . . have no precedential value . . . ."). We therefore must

examine whether Schuster is entitled to reversal on his constitutional arguments in light of both *Ex parte Lo* and *Karenev*, but without regard to *Sanders*.

*Karenev* would control this case—defeating Schuster's constitutional arguments—if the Court of Criminal Appeals had not already declared Section 33.021(b) unconstitutional. But the Court of Criminal Appeals has done exactly that, and the rationale for the *Karenev* rule—the presumption that a statute is constitutional—does not apply to this case. *See Karenev*, 281 S.W.3d at 434. Further, nothing in the *Karenev* majority indicates that the Court of Criminal Appeals intended that courts of appeals affirm convictions based on statutes that have already been overturned. Under these facts, we find instructive Justice Cochran's concurring opinion in *Karenev*, joined by three other judges, in which she wrote,

> I do not think that the majority is suggesting that it is quite acceptable to send someone to prison for violating an unconstitutional penal statute if that person failed to object to the statute's unconstitutionality in the trial court. But its language could well be misconstrued as allowing persons who are not guilty of violating any valid penal statute to be punished nonetheless if they failed to complain soon enough. The moral of that story would be: Because you were a slowpoke at noticing that you were not guilty of any valid criminal offense, we will punish you as if you really were guilty of some valid criminal offense. That is not the American way: every person has an absolute, fundamental, and unforfeitable right to be punished only for the violation of a valid criminal statute.

281 S.W.3d at 438–39 (Cochran, J., concurring).

Justice Cochran identified three rationales for requiring an objection in the trial court: (1) to give the opposing party an opportunity to respond or cure the problem before it becomes error, (2) to give the trial judge an opportunity to prevent the error from occurring, and (3) the interests of judicial economy. *Id.* at 439. None of those rationales applies when the highest court in our state has already declared the statute in question to be facially unconstitutional in its entirety, such that the defects in the proceeding cannot be saved or cured by the prosecutor or trial court. *Id.* at 440. Rather, in such a circumstance, "the bedrock American notion that we do not convict and punish people for unconstitutional crimes" prevails over such concerns. *Id.*

Further, the *Karenev* majority reaffirmed the "functional approach to error preservation" first set out in *Marin v. State*, 851 S.W.2d 275 (Tex. Crim. App. 1993). *Karenev*, 281 S.W.3d at 434 (majority op.) (citing *Marin*, 851 S.W.2d at 279–80). Under *Marin*, error-preservation rules divide a criminal defendant's rights into three categories: (1) absolute requirements or prohibitions, (2) rights subject to express waiver, and (3) rights that can be forfeited by a defendant's failure to assert them. *Marin*, 851 S.W.2d at 279–80. Ordinarily, "[a] facial challenge to the constitutionality of a statute falls within the third category," when the presumption that the statute is constitutional applies. *Karenev*, 281 S.W.3d at

8

434. By contrast,

> The first category, "absolute requirements and prohibitions" or "systemic" rights, are those rights "which are essentially independent of the litigants' wishes. Implementation of these requirements is not optional and cannot, therefore, be waived or forfeited by the parties. The clearest cases of . . . systemic requirements are laws affecting the jurisdiction of the courts." Systemic requirements "are to be observed even without partisan request" and cannot "lawfully be avoided even with partisan consent." Therefore, an appellant may "complain that an absolute requirement or prohibition was violated, and the merits of his complaint on appeal are not affected by the existence of a waiver or forfeiture at trial."

*Sanchez*, 120 S.W.3d at 366 (citations and footnotes omitted). We conclude that a criminal conviction under a statute that the Court of Criminal Appeals has already held unconstitutional falls into this category of absolute prohibitions, because such a statute is "void from its inception" and thus cannot support a criminal conviction when the defendant challenges its constitutionality on appeal. *Lapasnick*, 784 S.W.2d at 368; *see also Karenev*, 281 S.W.3d at 439 (Cochran, J., concurring).

We hold that the Court of Criminal Appeals' decision in *Ex parte Lo* excuses Schuster's failure to preserve his constitutional arguments below. The Court of Criminal Appeals has already determined that the argument has merit in that Section 33.021(b)(1) is unconstitutionally, facially overbroad. We therefore sustain Schuster's second issue on appeal.

## Conclusion

Because Schuster's conviction depended entirely on a statute that the Court of Criminal Appeals has held to be constitutionally invalid before our decision in this appeal, that conviction cannot stand. We reverse the judgment, direct the trial court to dismiss the indictment, and direct that Schuster be released from imprisonment. We deny all pending motions as moot.

Harvey Brown
Justice

Panel consists of Justices Jennings, Sharp, and Brown.

Publish. TEX. R. APP. P. 47.2(b).