Victoria Cortez RAVENBARK, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–94–00830–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

March 13, 1997.

Juan M. Contreras, Houston, for appellant.

Keli Pool Roper, Houston, for appellee.

Before ROBERTSON, DRAUGHN and ELLIS, JJ.*

* The panel consists of visiting justices sitting by assignment.

1. The crime for which appellant was convicted was committed after March 19, 1993, the effective date of this section. *See* Acts 1993, 73rd Leg., ch. 10, § 1.

## OPINION

ROBERTSON, Justice (Assigned).

This appeal is from a jury conviction for stalking under former section 42.07(a)(7), Texas Penal Code.[1] In one point of error, appellant claims ineffective assistance of trial counsel. We reverse and render a judgment of acquittal.

The statute under which appellant was convicted was declared unconstitutional for vagueness in *Long v. State*, 931 S.W.2d 285, 297 (Tex.Crim.App.1996). Appellant did not challenge the constitutionality of the statute in the trial court, nor did she raise the issue in her brief filed in this court November 22, 1995; nor has she filed an amended brief raising the issue following the decision in *Long*. This, however, does not amount to a waiver. *Rose v. State*, 752 S.W.2d 529, 552 (Tex.Crim.App.1987). While the general rule is that an "unconstitutional statute is void from its inception and cannot provide a basis for any right or relief," *Jefferson v. State*, 751 S.W.2d 502, 502–03 (Tex.Crim.App.1988), the rule is not without exception. *Lapasnick v. State*, 784 S.W.2d 366, 368 (Tex.Crim.App. 1990). The exception is not, however, applicable to the facts before us. Accordingly, on this direct appeal from a conviction under a void statute, we hold the judgment is void.

The judgment is reversed and a judgment of acquittal is rendered.