

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-81,136-01

### Ex parte DONALD RAY CHANCE, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 10-05-05347-CR(1) IN THE 410ᵀᴴ DISTRICT COURT
### FROM MONTGOMERY COUNTY

**KELLER, P.J., filed a dissenting opinion in which KEASLER and HERVEY, JJ., joined.**

Applicant claimed at trial that the statute under which he was prosecuted was unconstitutional because it was overly broad, but he failed to litigate that claim on direct appeal.[1] In its answer to the habeas application, the State contends, among other things, that applicant forfeited his claim by failing to raise it on direct appeal. Relying upon our decision in *Karenev v. State*, the State contends that a "facial challenge to the constitutionality of a statute does not implicate the 'jurisdiction' of a trial court, and is based upon a right that is subject to forfeiture by inaction." The State argues that "applicant could have complained of the facial unconstitutionality of the statute in his direct appeal from the original judgment of conviction. Having failed to do so,

---

[1] His direct appeal was dismissed for want of prosecution.

he cannot raise the issue for the first time in a postconviction writ after his probation was revoked." The Court grants relief without addressing this contention. I dissent because I think that the Court as a whole should address the State's claim after full briefing by the parties.

Ordinarily, a claim is not cognizable on habeas if it could have been, but was not, raised on direct appeal.[2] In *Karenev v. State*, we held that a facial challenge to the constitutionality of a statute—even one that defines the offense charged—is a claim that can be forfeited.[3] It would be anomalous to hold that a claim can be forfeited for the purpose of direct appeal but not for habeas. Perhaps *Karenev* can be meaningfully distinguished from the present case because, here, applicant at least raised his claim at trial. Or perhaps *Karenev* can be distinguished on the basis that the statute in that case had not been ruled unconstitutional while the statute at issue in the present case has. If the latter is the case, then a defendant might forfeit a facial challenge to the constitutionality of the statute for the purpose of direct appeal, but then be permitted to raise it on habeas if someone else later mounts a successful challenge. Such a divergence of results might be justified by judicial economy concerns (because most facial challenges to statutes are unmeritorious) or for other reasons.

The facial constitutional challenge at issue in *Karenev* was based on the First Amendment,[4]

---

[2] *Ex parte Webb*, 270 S.W.3d 108, 111 (Tex. Crim. App. 2008). It is also generally true that claims that *were* raised on direct appeal are not cognizable on habeas. *Ex parte Reynoso,* 257 S.W.3d 715, 723 (Tex. Crim. App. 2008). But there is an exception to that rule "where our prior judgment is subsequently rendered void or where we have decided to apply relief retroactively after a subsequent change in the law." *Ex parte Drake*, 883 S.W.2d 213, 214 (Tex. Crim. App. 1994).

[3] 281 S.W.3d 428, 434 (Tex. Crim. App. 2009).

[4] *See Karenev v. State*, 258 S.W.3d 210 (Tex. App.–Fort Worth 2008) (construing and analyzing the defendant's claim "as including a complaint that the statute offends the First Amendment"), *rev'd*, 281 S.W.3d 428 (Tex. Crim. App. 2009).

and, in the First Amendment context, rules about standing are relaxed to allow a person to lodge a facial challenge, even if the statute is not unconstitutional as to him, in order to prevent the chilling of protected expression.[5] The statute that defines the offense charged in the present case was ruled unconstitutional in *Ex parte Lo*[6] on First Amendment grounds. If a defendant fails to timely assert a First Amendment challenge to a statute, has he failed to serve the anti-chilling-effect purpose of the liberalized standing rule? And, perhaps most important, should such a defendant be required to show that the law is unconstitutional as to him? We held in *Lo* that the statute was overly broad, in that it prohibited "a wide range of constitutionally protected speech," but we do not know whether the conduct for which applicant was convicted fell within this constitutionally protected range or outside of it. There might be a difference between (1) a defendant who engages in conduct that was legitimately criminalized but who is charged under a constitutionally overbroad statute, and (2) a defendant who engages in conduct that cannot constitutionally be criminalized (an example of the latter being the defendants convicted of homosexual conduct in *Lawrence v. Texas*[7]).[8]

The concurrence contends that it is "hornbook law" that, once a law defining a crime has been held unconstitutional on its face, the law becomes "void ab initio" and anyone convicted under that law may challenge it in a habeas proceeding even if he has never challenged it before. The concurrence cites a few cases in which defendants have obtained habeas relief under those

---

[5] *Sanchez v. State*, 995 S.W.2d 677, 683 (Tex. Crim. App. 1999).

[6] ___ S.W.3d ___, No. PD-1560-12 (Tex. Crim. App. October 30, 2013).

[7] 539 U.S. 558 (2003).

[8] Some of the cases relied upon by the concurrence seem to fall into this second category.

circumstances .[9]  For a variety of reasons, the cases cited by the concurrence are potentially distinguishable.

As the concurrence acknowledges in a parenthetical, the *Siebold* case involved a mere claim that the statute was facially unconstitutional—a claim that the Supreme Court ultimately resolved against the habeas applicant.[10]  In *Karenev*, we declined to follow *Siebold*'s pronouncement that such a claim could be considered for the first time on habeas, and we observed that the Supreme Court had "backed off" from that pronouncement in subsequent cases.[11]

The *Davis* and *Hiett* cases cited by the concurrence were ones in which the defendant *did* raise his claim in an earlier proceeding.[12]  Many of the federal cases cited by the concurrence deal with the interplay between two federal habeas statutes and whether the failure to raise a claim in an initial habeas proceeding under one statute will bar a subsequent habeas proceeding under the other statute.[13]  These cases seem to suggest that the defendants had no earlier opportunity to raise their claims because the law of the circuit clearly foreclosed those claims at the time.  The Tenth Circuit,

---

[9]  *Ravenbark v. State*, 942 sw2d 711 (Tex. App.–Houston [14th Dist.] 1997, no pet.).

[10]  *See Ex parte Siebold*, 100 U.S. 371, 376-77 (1879).

[11]  281 S.W.3d at 430-31.  A recent law review article indicates that the position taken in *Karenev* is currently the majority view of federal and state courts.  Ryan Walters, Note and Comment, *Raise It or Waive It?  Addressing the Federal and State Split in Authority on Whether a Conviction Under an Unconstitutional Statute is a Jurisdictional Defect*, 62 BAYLOR L. REV. 909, 913-15, 930-32 (Fall 2010).

[12]  *See Davis v. United States*, 417 U.S. 333, 334-341 (1974) (raised and rejected on direct appeal); *Hiett v. United States*, 415 F.2d 663, 665-66 (5th Cir. 1969) (raised at trial).

[13]  *See Reyes-Requena v. United States*, 243 F.3d 893, 901-04 (5th Cir. 2001); *In re Jones*, 226 F.3d 328, 333-34 (4th Cir. 2000); *Wofford v. Scott*, 177 F.3d 1236, 1243-44 (11th Cir. 1999); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998); *In re Dorsainvil*, 119 F.3d 245, 250-51 (3d Cir. 1997).

however, has criticized these cases and their use of a "circuit foreclosure test."[14]

The concurrence says that most federal courts, including the Fifth Circuit, hold that a person who has been convicted under a statute later found unconstitutional is "actually innocent." The concurrence says that applicant is "actually innocent," and so is anyone who has been convicted under the same statute. If applicant is actually innocent, perhaps he is entitled to health benefits coverage and to compensation from the State of Texas for each year he was incarcerated.[15] Or perhaps not.

This case presents important questions regarding the applicability of habeas cognizability rules, the scope of the holding in *Karenev*, and the meaning of "actual innocence" in this context. The concurrence believes the answers are obvious, and it may be correct that the rule of procedural default articulated by *Karenev* must be limited to situations in which the statute has not yet been declared unconstitutional. But if so, we should say so and explain why in a written opinion. This is not the only case before us that raises this issue, and the State has asked us to address it. I would do so. Because the Court does not, I respectfully dissent.

Filed: May 7, 2014
Publish

---

[14] *Abernathy v. Wandes*, 713 F.3d 538, 545-46 (10th Cir. 2013); *Prost v. Anderson*, 636 F.3d 578, 591-94 (10th Cir. 2011). Instead, the Tenth Circuit simply asks "whether a petitioner's argument challenging the legality of his detention could have been tested in an initial [habeas proceeding]. If the answer is yes, then the petitioner may not resort to" subsequent habeas proceedings under the other statute. *Abernathy*, 713 F.3d at 547. In *Abernathy*, the prisoner argued that his claim was unavailable in the first habeas proceeding because it was resolved against him on direct appeal and that resolution became the law of the case, but the Tenth Circuit rejected that argument because the prisoner's claim could still have been tested in the first habeas proceeding. *Id.* at 545.

[15] TEX. CIV. PRAC. & REM. CODE § 103.001.