ACCEPTED
03-14-00818-CR
4576568
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/20/2015 10:45:46 AM
JEFFREY D. KYLE
CLERK

## NO. 03-14-00818-CR

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/20/2015 10:45:46 AM
JEFFREY D. KYLE
Clerk

**CLINTON DAVID BECK,**

Appellant

**v.**

**THE STATE OF TEXAS,**

Appellee

Appealed from the
207th District Court
Comal County, Texas

## BRIEF FOR THE APPELLANT

ZIMMERMANN LAVINE
& ZIMMERMANN, P.C.
770 South Post Oak Lane, Suite 620
Houston, Texas 77056
(713) 552-0300 * (713) 552-0746 fax

TERRI R. ZIMMERMANN
State Bar No. 00797883
Terri.Zimmermann@ZLZSlaw.com

JACK B. ZIMMERMANN
State Bar No. 22266500
Jack.Zimmermann@ZLZSlaw.com

Attorneys for the Appellant,
CLINTON DAVID BECK

**THE APPELLANT RESPECTFULLY REQUESTS ORAL ARGUMENT**

# IDENTITY OF PARTIES AND COUNSEL

Pursuant to TEX. R. APP. P. 38.1(a), a complete list of the names of all interested parties is provided below:

The Appellant:

    Mr. Clinton David Beck

Counsel for Clinton David Beck:

    Ms. Terri R. Zimmermann (on the writ and appeal only)
    Mr. Jack B. Zimmermann
    Zimmermann Lavine & Zimmermann, P.C.
    770 South Post Oak Lane, Suite 620
    Houston, Texas 77056

    Mr. Robert M. "Matt" Kyle (trial only)
    The Kyle Law Firm
    707 N. Walnut Avenue
    New Braunfels, Texas 78130

Counsel for the State:

    Mr. Joshua D. Presley (on the writ and appeal only)
    Ms. Jennifer C. Smith (trial only)
    Comal County District Attorney's Office
    150 N. Seguin Ave, Suite 307
    New Braunfels, Texas 78130-5122

# TABLE OF CONTENTS

                                                                    **PAGE**

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

INDEX OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

STATEMENT REGARDING ORAL ARGUMENT. . . . . . . . . . . . . . . . . . . . 3

ISSUES PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

GENERAL STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

ISSUE ONE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

> **THE TRIAL COURT REVERSIBLY ERRED BY DENYING MR.
> BECK'S APPLICATION FOR WRIT OF HABEAS CORPUS
> BECAUSE THE EVIDENCE IS LEGALLY INSUFFICIENT TO
> SUSTAIN A CONVICTION IN THIS CASE; NO RATIONAL
> FINDER OF FACT COULD FIND THAT MR. BECK ACTED
> WITH UNLAWFUL INTENT.**

> STATEMENT OF FACTS PERTINENT TO ISSUE ONE. . . . . . . . . . . 9

> ARGUMENT AND AUTHORITIES IN SUPPORT OF
> ISSUE ONE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

>> A.    Standard of Review. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

B.	The Statute of Conviction Required an Unlawful Intent.. . . . . 11

C.	The State Abandoned and Presented No Evidence of Unlawful Intent – The Evidence is Legally Insufficient.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

D.	Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

ISSUE TWO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**THE TRIAL COURT REVERSIBLY ERRED BY DENYING MR. BECK'S APPLICATION FOR WRIT OF HABEAS CORPUS BECAUSE THE STATUTE UPON WHICH THIS CONVICTION RESTS IS UNCONSTITUTIONAL AND WAS A NULLITY *AB INITIO*.**

STATEMENT OF FACTS PERTINENT TO ISSUE TWO.. . . . . . . . . . 14

ARGUMENT AND AUTHORITIES IN SUPPORT OF ISSUE TWO. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

A.	Standard of Review.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

B.	The Instant Conviction Relies Exclusively on the Violation of an Invalid Statute; therefore, the Trial Court Erred in Denying Habeas Relief.. . . . . . . . . . . . . . . . . . . . . 15

1.	Section 33.021(b) is Unconstitutional... . . . . . . . . . . . . . . . 15

2.	Mr. Beck's Conviction and Sentence Are Defective and Void.. . . . . . . . . . . . . . . . . . . . . . . . . 17

C.	Conclusion.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

CONCLUSION AND PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

# INDEX OF AUTHORITIES

**PAGE**

## State Cases

*Ex Parte Chance*, 2014 WL 1796648 (Tex. Crim. App. 2014) . . . . . . . . 16, 17, 19

*Ex Parte Cooper*, 2014 WL 1871722 (Tex. Crim. App. 2014) . . . . . . . . . . . . . 18

*Ex Parte Downs*, 2014 WL 2609723 (Tex. Crim. App. 2014) . . . . . . . . . . . . . 18

*Ex parte Hollowell*, No. 03-11-00240-CR, 2012 WL 1959309
(Tex. App. June 1, 2012).. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10, 11, 14

*Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). . . . . . . . . . . . . . . . 11

*Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013)),
*reh'g denied*, (Mar. 19, 2014).. . . . . . . . . . . . . . . . . . . . . . . . . . 7, 15, 16

*Ex parte Martin*, 6 S.W.3d 524 (Tex. Crim. App. 1999).. . . . . . . . . . . . . . . . 10

*Ex Parte Peterson*, 117 S.W.3d 804 (Tex. Crim. App. 2003). . . . . . . . . . . . . . 11

*Ex parte Rodriguez-Grimaldo*, No. 03-12-00019-CR,
2013 WL 2631629 (Tex. App. June 5, 2013). . . . . . . . . . . . . . . . . . . . . . 10

*Ex Parte Wheeler*, 203 S.W.3d 317 (Tex. Crim. App. 2006).. . . . . . . . . . . . . . 10

*Ex Parte Williams*, 2014 WL 2527787 (Tex. Crim. App. 2014). . . . . . . . . . . . 18

*Ex Parte Zavala*, 421 S.W.3d 227 (Tex. App. – San Antonio 2013). . . . . . . . . 18

*Freeman v. State*, 425 S.W.3d 289 (Tex. Crim. App. 2014). . . . . . . . . . . . . . . 18

*Freeman v. State*, No. 05-12-00923-CR,
2014 WL 6602691 (Tex. App. Nov. 21, 2014). . . . . . . . . . . . . . . . . . . . 18

*Ravenbark v. State*, 942 S.W.2d 711 (Tex. App. –
Houston [14th Dist.] 1997, no pet.) . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

*Reyes v. State*, 753 S.W.2d 382 (Tex. Crim. App. 1988)). . . . . . . . . . . . . . . . . . 16

*Sanders v. State*, 2014 WL 887781 (Tex. App. – Texarkana 2014). . . . . . . . . . 18

*Schuster v. State*, 435 S.W.3d 362 (Tex. App. – Houston [1st Dist.] 2014). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Thomas v. State*, 444 S.W.3d 4 (Tex. Crim. App. 2014) . . . . . . . . . . . . . . . . . 11

**Federal Cases**

*Jackson v. Virginia*, 443 U.S. 307 (1979). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Reyes–Requena v. United States*, 243 F.3d 893 (5th Cir. 2001).. . . . . . . . . . . . . 17

**Constitutions, Statutes, and Rules**

Tex. Penal Code Ann. § 21.12. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Tex. Penal Code Ann. § 33.021. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12

Tex. R. App. P. 9.4(1)(3). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Tex. R. App. P. 38.1(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

NO. 03-14-00818-CR

---

IN THE THIRD COURT OF APPEALS
AUSTIN, TEXAS

---

CLINTON DAVID BECK,
                                   Appellant
v.

THE STATE OF TEXAS,
                                   Appellee

---

Appealed from the
207th District Court
Comal County, Texas

---

BRIEF FOR THE APPELLANT

---

TO THE HONORABLE COURT OF APPEALS:

COMES NOW CLINTON DAVID BECK, the Appellant in the above-styled and numbered cause, and files this Brief for the Appellant.

## STATEMENT OF THE CASE

This is a direct appeal from the trial court's denial of relief from the Application for Writ of Habeas Corpus that Mr. Beck filed pursuant to Section 11.072 of the Code of Criminal Procedure.

In late 2010, Mr. Beck, a middle school health teacher and coach in New Braunfels, was investigated based on text messages he sent to one of his students. The investigation resulted in his arrest and he was charged in Cause No. CR2011-197 with two offenses: Online Solicitation of a Minor, Count I; and engaging in an Improper Relationship Between Educator/Student, Count II. Original Indictment at Clk. R. 4-5.[1] There was no allegation of unlawful touching.

On September 26, 2011, Mr. Beck pleaded guilty to Count II, Improper Relationship Between Educator/Student, and the State dismissed the Online Solicitation charged in Count I. Judgments at Clk. R. 15-20. On November 7, 2011 the trial court sentenced Mr. Beck to ten years in the Institutional Division of the Texas Department of Criminal Justice, suspended the confinement for ten years, and fined him $2,000.00. *Id.* Mr. Beck did not appeal his conviction.

On September 4, 2014, Mr. Beck filed his Application for Writ of Habeas Corpus. Clk. R. 21. The trial court held a hearing on October 21, 2014. The

---

[1] The Clerk's Record is contained in one original volume and one supplemental volume, cited as "Clk. R. Page Number" and "Supp. Clk. R. Page Number," respectively. For example, "Clk. R. 1." The court reporter's record from the writ hearing is in one volume cited as "Rptr. R. Page Number." For example, "Rptr. R. 1."

2

State submitted to the trial court proposed Findings of Fact and Conclusions of Law, and the trial court signed them along with an Order denying relief on November 24, 2014. Clk. R. 28-32. Mr. Beck's counsel received the order on December 11, 2014, and filed by mail Objections to the Findings and Conclusions on December 18, 2014.[2] Clk. R. 33-39. The trial court did not withdraw or amend any of the Findings or Conclusions.[3]

Mr. Beck timely filed his Notice of Appeal on December 22, 2014.[4] Clk. R. 40-41.

## STATEMENT REGARDING ORAL ARGUMENT

Mr. Beck respectfully requests oral argument. The issues involved in this case are novel and present questions of first impression in the State. Because there are no cases directly on point under the exact same fact pattern, oral argument would facilitate and aid this Court's decisional process by

---

[2] Although counsel mailed and emailed the document on December 18, 2014, it was not officially filed until December 29, 2014, presumably due to the holidays.

[3] The trial court's Court Administrator called the undersigned counsel on December 19 to inform her that he had handed the Objections to the judge and the judge denied relief.

[4] Again, there was a slight delay between the mailing of the document and its official filing.

3

allowing counsel the opportunity to answer any questions that the Court

might have that are not adequately covered in the parties' Briefs.

## ISSUES PRESENTED

Mr. Beck raises the following issues for appellate review:

### ISSUE ONE

**THE TRIAL COURT REVERSIBLY ERRED BY DENYING MR. BECK'S APPLICATION FOR WRIT OF HABEAS CORPUS BECAUSE THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUSTAIN A CONVICTION IN THIS CASE; NO RATIONAL FINDER OF FACT COULD FIND THAT MR. BECK ACTED WITH UNLAWFUL INTENT.**

### ISSUE TWO

**THE TRIAL COURT REVERSIBLY ERRED BY DENYING MR. BECK'S APPLICATION FOR WRIT OF HABEAS CORPUS BECAUSE THE STATUTE UPON WHICH THIS CONVICTION RESTS IS UNCONSTITUTIONAL AND WAS A NULLITY *AB INITIO*.**

## GENERAL STATEMENT OF FACTS

As stated above, in late 2010, Mr. Beck was a middle school health

teacher and coach in New Braunfels, Texas. Offense Report, State's Exhibit

2 from Plea Hearing.[5] He was investigated and charged based on text

---

[5] The Transcript from the plea hearing that took place on September 26, 2011 as well as State's Exhibit 2 (the offense report) were not originally designated for filing with this Court. Undersigned counsel has requested that the court reporter and District Clerk,

4

messages he sent to one of his students that the State believed were inappropriate. Original Indictment at Clk. R. 4-5. However, the text messages did not contain any solicitation of the student to perform any physical act, and there was never any allegation of any unlawful touching. Mr. Beck resolved the charges against him by pleading guilty to Improper Relationship Between Educator and Student in violation of Section 21.12 of the Texas Penal Code; the State dismissed the Online Solicitation count under Section 33.021(b) of the Texas Penal Code. Judgments at Clk. R. 15-20. He is currently successfully serving his ten year probated sentence.

Undersigned counsel did not represent Mr. Beck at the time that the trial court accepted his plea and sentenced him to probation. When she was hired to represent him on habeas, she requested a complete copy of the District Clerk's file. Clk. R. 42. In response, she received a copy of the original indictment in this case. It did not contain any pen and ink changes or other amendments. The allegation in Count II under Section 21.12 in the original indictment contained all of the required elements of that statute.

---

respectively, file these documents as soon as possible with this Court.

At the hearing on the Application, Mr. Beck argued that his conviction was void because the Court of Criminal Appeals invalidated the underlying statute upon which the conviction was based. Rptr. R. 5, 7, 33-37. The State submitted Proposed Findings of Fact and Conclusions of Law and an Order denying relief, which the trial court signed. Clk. R. 27-32. Mr. Beck objected to those Findings and Conclusions, based primarily on two grounds:[6]

1. Subsequent to the hearing but immediately prior to filing Objections, Mr. Beck's counsel discovered that at the plea hearing, the State had deleted all language in the indictment pertaining to the intent element of the offense. In addition, there was no evidence to support that element and the trial court's Findings and Conclusions pertaining to Mr. Beck's intent were completely without factual support in the record, since the only evidence that exists is that he had a lawful intent at the time he sent the messages. The absence of any allegation or proof of the unlawful intent element justified granting of habeas relief.

---

[6] Mr. Beck objected to additional Findings and Conclusions as being unsupported by the record, and respectfully incorporates those objections into this Brief as further evidence of the trial court's erroneous Findings and Conclusions.

2.  Even had the indictment been valid, under the undisputed facts of this case (text messages only; no solicitation and no unlawful touching) the conviction rests solely upon an allegation that Mr. Beck's conduct violated Section 33.021(b) of the Texas Penal Code, which the Court of Criminal Appeals held unconstitutional. *Ex parte Lo*, 424 S.W.3d 10 (Tex. Crim. App. 2013), *reh'g denied*, (Mar. 19, 2014). Therefore, Mr. Beck argued that relief was justified. Clk. R. 33-39.

The trial court elected not to withdraw or amend the erroneous Findings and Conclusions, and therefore the denial of relief stands and this appeal followed.

## SUMMARY OF THE ARGUMENT

### ISSUE ONE

In order to violate Section 21.12 (Improper Relationship Between Educator and Student), Mr. Beck must have sent the text messages with the intent "to arouse or gratify the sexual desire of a person." Although this language appeared in the original indictment, the State amended the indictment at trial and struck those words. Therefore, the guilty plea did not encompass that element. The State offered no witnesses to testify or any other

7

evidence indicating that Mr. Beck had an unlawful intent. The only evidence before the trial court was that Mr. Beck acted with a lawful intent. The evidence is legally insufficient.

## ISSUE TWO

The Court of Criminal Appeals held the Online Solicitation statute (Section 33.021(b)) unconstitutional and as such, it was void *ab initio* and cannot be used for any purpose. Mr. Beck's conviction rests solely upon an allegation that he violated that invalid subsection of the Online Solicitation statute. There is no allegation or proof that any other subsection of the Improper Relationship Between Educator and Student statute or the Online Solicitation statute was implicated in this case. Even had the indictment and the proof in this case not omitted the required intent element under the Online Solicitation statute, because that statute was a nullity Mr. Beck's conviction of Improper Relationship Between Educator and Student based on the invalid statute must fail. The trial court should have granted habeas relief.

# ARGUMENT

## ISSUE ONE

**THE TRIAL COURT REVERSIBLY ERRED BY DENYING MR. BECK'S APPLICATION FOR WRIT OF HABEAS CORPUS BECAUSE THE EVIDENCE IS LEGALLY INSUFFICIENT TO SUSTAIN A CONVICTION IN THIS CASE; NO RATIONAL FINDER OF FACT COULD FIND THAT MR. BECK ACTED WITH UNLAWFUL INTENT.**

### STATEMENT OF FACTS PERTINENT TO ISSUE ONE

As noted above, Mr. Beck entered a guilty plea to an amended indictment that did not allege any unlawful intent. The State called no witnesses. The offense report contains no admissions by Mr. Beck or other evidence that he sent text messages to his student for any reason other than he believed he was answering the student's questions about topics they had discussed at school during the health class that he taught. There is no evidence that Mr. Beck had any intent to arouse anyone's sexual desires.

Despite the lack of an allegation or evidence, the trial court's Findings of Fact state that Mr. Beck acted with an intent "to arouse or gratify the sexual desire of a person . . . [and without] any legitimate purpose." Clk. R. 29. Mr. Beck specifically challenged the trial court's Finding of Fact Number 5 on this issue, calling to the court's attention the lack of evidence in the record. Clk.

9

R. 35. The State did not file a response of any kind to the Objections. The trial court did not withdraw or amend its Findings or Conclusions.

**ARGUMENT AND AUTHORITIES IN SUPPORT OF ISSUE ONE**

**A.    Standard of Review**.

This Honorable Court has held that, "When reviewing the trial court's denial of an application for writ of habeas corpus under article 11.072 of the Texas Code of Criminal Procedure, the appellate court must view the facts in the light most favorable to the trial court's ruling and uphold that ruling absent an abuse of discretion." *Ex parte Rodriguez-Grimaldo*, No. 03-12-00019-CR, 2013 WL 2631629, at *1 (Tex. App. June 5, 2013) (not designated for publication) (citing *Ex Parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006)). "However, a deferential abuse of discretion review is not appropriate in the context of the application of law to facts when the trial court's decision does not turn on the credibility or demeanor of witnesses. When the trial judge is not in an appreciably better position than the reviewing court, a *de novo* review by the appellate court is appropriate." *Ex parte Hollowell*, No. 03-11-00240-CR, 2012 WL 1959309, at *2 (Tex. App. June 1, 2012) (not designated for publication) (citing *Ex parte Martin*, 6 S.W.3d 524,

10

526 (Tex. Crim. App. 1999). "When the resolution of the ultimate question turns on the application of legal standards, we conduct a *de novo* review." *Id.* (citing *Ex Parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007)).

"To determine if there is sufficient evidence to support a criminal conviction, a reviewing court must ask whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

## B.  The Statute of Conviction Required an Unlawful Intent.

In order to violate Section 21.12 of the Texas Penal Code, Improper Relationship Between Educator/Student (the offense of conviction), Mr. Beck must have either engaged in conduct involving the unlawful touching of the student ("sexual contact, sexual intercourse, or deviate sexual intercourse") or engaged in "conduct described by Section 33.021" with the student. Tex. Penal Code Ann. § 21.12. Section 33.021 is the Online Solicitation statute. Tex. Penal Code Ann. § 33.021. As mentioned above, there was never any

11

allegation or proof that Mr. Beck engaged in any unlawful touching of the student; the only basis for the Improper Relationship charge and conviction was an alleged violation of the Online Solicitation statute.

There are two ways to violate the Online Solicitation statute:

1) to use the internet to send an electronic mail or text message to communicate in a sexually explicit manner with a minor or distribute sexually explicit material to a minor (with the intent to arouse or gratify the sexual desire of any person), which violates subsection (b); or

2) to use the internet to knowingly solicit a minor to meet another person (with the intent that the minor will engage in sexual contact, sexual intercourse, or deviate sexual intercourse with the actor or another person), which violates subsection (c).

Tex. Penal Code Ann. § 33.021.

There was never any allegation or proof that Mr. Beck solicited the student in a way to violate subsection (c) of the statute; the sole basis for the charged criminal liability was the mere sending of text messages that were allegedly sexually explicit in violation of Section 33.021(b).  That subsection <u>requires</u> an unlawful intent – the same intent contained in the language the prosecutor struck from the original indictment at the plea hearing.  Amended Indictment, Clk. R. 7.

**C.** **The State Abandoned and Presented No Evidence of Unlawful Intent – The Evidence is Legally Insufficient.**

Mr. Beck argued to the trial court on habeas that, "Neither the State's allegation or proof suffices to constitute a criminal offense." Clk. R. 38. The State did not refute this claim in any way.

This is a purely legal issue that this Court is capable of adjudicating, therefore a *de novo* standard is appropriate. However, based on the undisputed state of the record, even under an abuse of discretion standard, the trial court erred. Despite calling the trial court's attention to the failure of an allegation or any proof whatsoever as to Mr. Beck's unlawful intent, and the statute's requirement for Mr. Beck to have had such intent for conviction, the trial court refused to reconsider and withdraw its Findings and Conclusions denying habeas relief. On this record, no rational finder of fact could find that Mr. Beck acted with unlawful intent and the evidence is legally insufficient.

**D.** **Conclusion.**

The trial court committed reversible error when it denied relief on Mr. Beck's Application for a Writ of Habeas Corpus. This Honorable Court

13

should reverse and enter an appellate acquittal because the evidence is legally insufficient.

## ISSUE TWO

**THE TRIAL COURT REVERSIBLY ERRED BY DENYING MR. BECK'S APPLICATION FOR WRIT OF HABEAS CORPUS BECAUSE THE STATUTE UPON WHICH THIS CONVICTION RESTS IS UNCONSTITUTIONAL AND WAS A NULLITY *AB INITIO*.**

### STATEMENT OF FACTS PERTINENT TO ISSUE TWO

Mr. Beck specifically challenged the trial court's Conclusions of Law, which stated that despite the Court of Criminal Appeals' invalidation of the Online Solicitation statute subsection at issue in this case, the subsection was still valid with regard to Section 21.12 prosecutions and that the conviction in this case was not affected by *Lo*. Objections at Clk. R. 36-38. The trial court did not withdraw its Order denying relief.

### ARGUMENT AND AUTHORITIES IN SUPPORT OF ISSUE TWO

A. **Standard of Review**.

As stated above, when issues of law as opposed to fact determine the resolution of a case, this Court reviews the case *de novo*. *Ex parte Hollowell*, *supra*.

14

**B.** **The Instant Conviction Relies Exclusively on the Violation of an Invalid Statute; Therefore, the Trial Court Erred in Denying Habeas Relief.**

As of the date of this filing, there still are no Texas opinions analyzing the legal relationship between the invalid Online Solicitation statute subsection and the offense of conviction in this case, the Improper Relationship Between Educator and Student statute. However, logic dictates that because the conviction in this case relies exclusively on an invalid statute, the conviction cannot stand. As a pure legal matter, this Court should review this issue *de novo* and find that the trial court erred in denying relief.

**1.** **Section 33.021(b) is Unconstitutional.**

In October 2013, the Texas Court of Criminal Appeals (CCA) held that Section 33.021(b) of the Online Solicitation statute (which is the section prohibiting the sending of sexually explicit messages) is unconstitutional. *Ex parte Lo*, *supra*. The Court found that the statute infringed on citizens' First Amendment rights. *Id.* Interestingly, Mr. Lo also was a teacher who was accused of sending sexually explicit messages to a student. *See* Lo indictment and news article at Appellant's Exhibit A.[7] The CCA reversed the decision of

---

[7]   The Clerk's Record filed in this case contains the Application for Writ of Habeas Corpus that Mr. Beck filed; however, it is missing the Exhibits to that document.

15

the intermediate Court of Appeals (which had upheld the conviction) and remanded the case "to the trial court to dismiss the indictment." *Id.* at 27.

Judge Cochran's concurrence in another case is instructive on the effect of this invalidation:

> Generally, a statute that has been declared unconstitutional is <u>void from its inception and cannot provide a basis for any right or relief</u>. It is thus the general rule that an unconstitutional statute, even though it has the form and name of law, <u>in reality is not law and in legal contemplation is as inoperative as if it had never undergone the formalities of enactment</u>.

*Ex Parte Chance*, 2014 WL 1796648 (Tex. Crim. App. 2014) (emphasis added, citations omitted).

She further explained:

> an unconstitutional statute is void from its inception[;] ... when a statute is adjudged to be unconstitutional, <u>it is as if it had never been passed</u> [;] ... the statute is stillborn, ... [and] had been fatally smitten by the Constitution at its birth[,] ... [and] is <u>of no more force or validity than a piece of blank paper</u>, and <u>is utterly void</u>.

*Id.* (emphasis added, citing *Reyes v. State*, 753 S.W.2d 382, 383 (Tex. Crim. App. 1988)).

---

The Lo indictment and article were attached to the Application as Exhibit 3. Counsel has asked the District Clerk to supplement the record with this exhibit.

16

**2. Mr. Beck's Conviction and Sentence Are Defective and Void.**

The CCA has granted relief to other Applicants for writs of habeas corpus who were convicted of violating the now-unconstitutional statute. *See, e.g., Ex Parte Chance, supra.* Significantly, in *Chance*, Justice Cochran stated in her concurring opinion that a person may "always obtain relief" from a conviction based on a penal statute that is declared unconstitutional based on the "void *ab initio*" concept. This means that "one who has been convicted under a penal statute that is later found unconstitutional is 'actually innocent' of any crime because the 'core idea is that the petitioner may have been imprisoned for conduct that was not prohibited by law.'" *Id.* at 2, citing, *inter alia, Reyes–Requena v. United States*, 243 F.3d 893, 903 (5th Cir. 2001). She further states that an unconstitutional statute is "void for all comers." *Id.* This includes those who have been convicted of violating the statute before it was declared void, like Mr. Beck:

> He may take advantage of that 'void *ab initio*' status today, yesterday, tomorrow, or even ten years from now. Anyone who has been convicted under the now void provisions of Section [33.021(b)] is 'innocent' and may obtain an acquittal, whether it is in the trial court, on direct appeal, or in a habeas proceeding. That is constitutionally required.

*Id.* at 3.

17

The CCA also granted relief in other cases involving convictions under Section 33.021(b), including those involving guilty pleas at trial without a challenge to the statute at trial or on appeal. *Ex Parte Williams*, 2014 WL 2527787 (Tex. Crim. App. 2014) (not designated for publication); *Ex Parte Cooper*, 2014 WL 1871722 (Tex. Crim. App. 2014) (not designated for publication); *Ex Parte Downs*, 2014 WL 2609723 (Tex. Crim. App. 2014) (not designated for publication); *see also*, *Freeman v. State*, 425 S.W.3d 289 (Tex. Crim. App. 2014) (noting that the lower court denied relief prior to *Ex Parte Lo*; PDR granted and case remanded "for further action in light of our opinion in *Ex Parte Lo*."; on remand, conviction reversed and remanded for dismissal[8]).

Other Courts of Appeal around the State also have issued decisions following *Lo* and reversing convictions under Section 33.021(b). *Sanders v. State*, 2014 WL 887781 (Tex. App. – Texarkana 2014); *Schuster v. State*, 435 S.W.3d 362 (Tex. App. – Houston [1st Dist.] 2014); *Ex Parte Zavala*, 421 S.W.3d 227 (Tex. App. – San Antonio 2013).

---

[8] *Freeman v. State*, No. 05-12-00923-CR, 2014 WL 6602691 (Tex. App. Nov. 21, 2014).

18

Therefore, given the factual similarity and legal outcome of *Ex Parte Lo*, and subsequent cases decided by the CCA and other Texas intermediate appellate courts in light of the *Lo* decision, Mr. Beck submits that his conviction and sentence are defective and void. As many courts have stated, unconstitutional statutes are void from their inception, and Mr. Beck cannot be punished based on his conviction for violating a provision of a statute (Improper Relationship) that relies exclusively on a void statute (Online Solicitation subparagraph (b)) for liability. In fact, he is actually innocent. *Ex Parte Chance*, *supra*. Therefore, this Court may enter an acquittal. *Ravenbark v. State*, 942 S.W.2d 711 (Tex. App. – Houston [14th Dist.] 1997, no pet.) (holding on direct appeal "from a conviction under a void statute, we hold the judgment is void. The judgment is reversed and a judgment of acquittal is rendered.").[9]

## C. Conclusion.

The trial court committed reversible error when it denied relief on Mr. Beck's Application for a Writ of Habeas Corpus. This Honorable Court

_____

[9] Mr. Beck acknowledges that *Lo* and its progeny remand for dismissal of the indictment.

19

should reverse and enter an appellate acquittal, or in the alternative, remand with an Order to dismiss the indictment.

## CONCLUSION AND PRAYER

Mr. Beck prays that this Honorable Court reverse the judgment below and enter an appellate acquittal, or in the alternative, remand with an Order to dismiss the indictment.

Respectfully submitted,

_____

TERRI R. ZIMMERMANN
State Bar No. 00797883
Terri.Zimmermann@ZLZSlaw.com

_____

JACK B. ZIMMERMANN
State Bar No. 22266500
Jack.Zimmermann@ZLZSlaw.com

ZIMMERMANN LAVINE
     & ZIMMERMANN, P.C.
770 South Post Oak Lane, Suite 620
Houston, Texas 77056
713-552-0300
713-552-0746 (Fax)

Attorneys for the Appellant,
CLINTON DAVID BECK

20

## CERTIFICATE OF COMPLIANCE

This document contains a total of 4666 words calculated by Corel WordPerfect X4 with 14-point font used in the body and 12-point font used in footnotes in compliance with Texas Rule of Appellate Procedure 9.4(1)(3).

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appellant's Brief was filed by EfileTexas.gov and thereby served on Mr. Joshua Presley, counsel for the State, on March 20, 2015.

TERRI R. ZIMMERMANN

THE STATE OF TEXAS
VS.

JOHN CHRISTOPHER LO
200 KELLINGTON #5308
KINGWOOD, TX

02471515

SPN:
DOB: AM 06-24-1960
DATE PREPARED: 1/5/2010

D.A. LOG NUMBER:1594515
CJIS TRACKING NO.:9164971430-A001
BY: RZ  DA NO: 001901698
AGENCY:HPD
O/R NO: 161163409H
ARREST DATE: 01-05-2009

NCIC CODE: 3699 11 F3

RELATED CASES:

FELONY CHARGE: ONLINE SOLICITATION OF A MINOR
CAUSE NO:
HARRIS COUNTY DISTRICT COURT NO:           1246900
FIRST SETTING DATE:                         248

BAIL: $5000
PRIOR CAUSE NO:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

The duly organized Grand Jury of Harris County, Texas, presents in the District Court of Harris County, Texas, that in Harris County, Texas, JOHN CHRISTOPHER LO, hereafter styled the Defendant, heretofore on or about OCTOBER 31, 2009, did then and there unlawfully, with the intent to arouse and gratify the sexual desire of THE DEFENDANT, intentionally communicate in a sexually explicit manner with FOREST BELL, an individual whom the Defendant believed to be younger than seventeen years of age, BY TEXT MESSAGE, and the Defendant was at that time more than seventeen years of age.

Unofficial Copy Office of Chris Daniel District Clerk

FILED
Loren Jackson
District Clerk

MAY 11 2010

Time: _____
Harris County, Texas
By _____ Deputy

AGAINST THE PEACE AND DIGNITY OF THE STATE.

Foreman
_____
FOREMAN OF THE GRAND JURY

INDICTMENT

Appellant's Exhibit A          Exhibit 3

# Star-Telegram

## A teacher, sexting and the right to free speech

Posted Tuesday, Feb. 25, 2014

BY MITCH MITCHELL
mitchmitchell@star-telegram.com

He was 30 and she was 13 — a teacher and his student — but their relationship went far beyond the classroom, authorities say.

In six days in October 2012, they sent 688 text messages to each other, and the conversation became sexual, according to an arrest warrant affidavit.

The messages — known as "sexting" — included descriptions of sexual preferences and fantasies and discussions of dreams about each other, the affidavit says.

Sean Arlis Williams, now 31, who was a junior high school teacher in the Everman district, was eventually arrested on a charge of online solicitation of a minor, which was later changed to improper relationship between an educator and student.

But this month, based on a recent appeals court ruling dealing with a similar case in Harris County, Tarrant County prosecutors dismissed his case.

The Texas Court of Criminal Appeals ruled in October that a 2005 statute, which made sexually explicit online communication between an adult and minor illegal, violates the First Amendment right to free speech. The court examined the case of John Christopher Lo, who was arrested in 2010 after being accused of sending sexually explicit text messages to a student he met while working as a choir director in a school district outside Houston.

"It's OK for adults to talk dirty to children," said Mark Bennett, the Houston attorney who defended Lo.

Bennett had argued that the statute is too broad because "simple profanity or vulgarity — not rising to the level of obscenity — is constitutionally protected speech."

Lawyers for the state contended that without the law "perverts will be free to bombard our children with salacious emails and text messages."

The court's opinion said sexual expression that is indecent but not obscene is protected by the First Amendment, and includes sexually explicit literature such as *50 Shades of Grey* and *Lady Chatterley's Lover*, as well as Miley Cyrus' "twerking" during the 2013 MTV Video Music Awards.

Jurisprudence experts say the ruling, depending on the appellate process, could throw other cases into a legal black hole and could force state legislators to rewrite the law.

Bennett said that in the meantime, prosecutors should contact those convicted under the 2005 statute and tell them they have an avenue for redress, Bennett said.

"I believe they have a duty to go back and set things right," Bennett said.

Tarrant County prosecutors dismissed their case against Williams on Feb. 10.

"The recent opinion by the Texas Court of Criminal Appeals has certainly caused us to re-examine a handful of cases and, where appropriate, seek to re-indict them under ... online solicitation of a minor," said Melody McDonald, spokeswoman for the Tarrant County district attorney's office. "In this particular case, however, the facts didn't fit that statute and that wasn't an option."

Attempts to contact Williams were unsuccessful. His attorney, Jim Shaw, said the statute is clearly unconstitutional.

"It's like having a 16-year-old talking to a 20-year-old and although 16-year-olds aren't naive I guess state lawmakers figured they need protection," Shaw said.

### Used 'bad judgment'

The student, identified in court documents by the pseudonym Mary Swan, had two classes with Williams at Baxter Junior High, which is located in Fort Worth and is governed by the Everman school district.

After school officials found that Williams had been sending the text messages to the student, they called the enforcement authorities and

Appellant's Exhibit A

contacted her mother.

The mother contacted Fort Worth police, who interviewed the student. The student told police that she had exchanged phone numbers and began texting with Williams on Oct. 2, 2012. The messages became sexual, she said, and she told detectives that he had asked her not to tell anyone about their conversations, according to the arrest warrant affidavit.

The text messages included "talking about if either of them walked around naked in their homes, keeping the relationship secret until the victim graduates, dreams that each of them had about each other, virginity and showing restraint while they are in the classroom," the affidavit says.

Photographs were exchanged, including one of the student wearing a bra with no shirt.

In November 2012, police interviewed Williams, who said that he had used "bad judgment" in sending the messages and that he knew she was a minor. He said he had not touched the student or met with her alone, according to the affidavit.

He was arrested Jan. 18, 2013, on a charge of online solicitation of a minor and was booked into jail on the improper relationship charge May 20. He was released on bail after three days, according to court records.

## Still has teaching certificate

Williams, who began working in the Everman district in August 2007, left the district Nov. 30, 2012. District officials declined to discuss the reasons for Williams' departure or the district's response to the criminal investigation of his behavior.

Williams' teacher certification remains valid until July 2017 for teaching secondary history and social studies classes. But Williams' certification is under review by the State Board of Education's Professional Discipline Unit, according to Texas Education Agency records.

"There are instances when a teacher is under a criminal investigation and we suspend our investigation until the criminal investigation plays out," a TEA spokeswoman said. "There also have been instances where a person might be exonerated in a criminal investigation but his certificate becomes invalid because of something that comes out during a school district investigation."

## A legislative matter?

Though the case against Williams has been dismissed, a motion for rehearing Lo's case is pending at the appeals court level.

Because the appellate jurists voted 9-0 to overturn the statute, Bennett, who defended Lo, said he doubts that the petition for a rehearing will be successful.

If the Court of Criminal Appeals denies the petition, the state could petition the U.S. Supreme Court.

Alan Curry, chief of the appellate division for the Harris County district attorney's office, said his staff is awaiting a decision on the petition before deciding on the next step.

He said the best option may be for state lawmakers to rewrite the law so that it satisfies the courts, "but that's way down the road," Curry said.

State Rep. Bill Zedler, R-Arlington, said the 2005 statute was originally proposed to keep children from being groomed by sexual predators. If the courts continue to block the law, lawmakers may have to sit down with the attorney general and come up with acceptable language, Zedler said.

"The purpose of the First Amendment was to allow political dissent, not to allow adults to be vulgar with minors," Zedler said.

## 'Vague or ambiguous'

Shaw, Williams' attorney, said it would not matter whether an adult sent 2,000 sexually explicit text messages to a minor or just one, unless the adult is trying to get the minor to do something illegal, such as a meeting for sex, or is texting something obscene or pornographic; nonetheless, the state cannot get a conviction using the 2005 statute.

This is not the first time lawmakers in Austin have written a law that did not pass constitutional muster.

"A lot of times these statues are vague or ambiguous," Shaw said. "A lot of times they fail to say what's illegal."

Chad Ruback, an appellate attorney who worked at the Fort Worth office of the Court of Criminal Appeals, said the court's message is directed to state lawmakers, saying they need to rewrite the law so that it achieves its stated purpose of protecting minors against sexting.

"Our courts have ruled that limits on free speech are permissible but those limits need to be reasonable," Ruback said. "I know lawmakers are disappointed in this opinion but they would be better off drafting new legislation that is more narrowly tailored and more likely to pass constitutional scrutiny."

Appellant's Exhibit A